### 11875

### GOGGANS *ET AL.* v. STATE BOARD OF EDUCATION

#### (130 S. E., 645)

1. Schools and School Districts—Districts May Not be Consolidated Except on Petition of Required Number of Voters of Each District.—Under Civ. Code 1922, § 2599, providing "that no school district shall be consolidated except upon a petition of at least one-third of the qualified voters of the school district proposed to be consolidated," consolidation of two districts cannot be made except on petition of required number of qualified voters from each district.

2. Certiorari—Want of Jurisdiction of Lower Tribunal, Appearing on Face of Record, May be Noticed by Court of Its Own Motion.—In certiorari proceeding to review action of State Board

of Education, confirming action of County Board of Education ordering consolidation of school districts, want of jurisdiction of County Board, apparent on face of record, may be noticed by Court of its own motion.

Original petition by S. H. Goggans and others for writ of *certiorari* to review an action of the State Board of Education, confirming an action of the County Board of Education of Laurens County in ordering consolidation of school districts. Order of State Board reversed and petition for consolidation before County Board dismissed.

*Messrs. Blackwell, Sullivan & Wilson,* for petitioners, cite: *Requirements for petitions to consolidate school districts:* Civ. Code 1922, Sec. 2599. *Area of school districts limited:* Const. 1895, Art. XI, Sec. 5.

*Mr. W. B. Knight* for respondent.

December 8, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a petition in the original jurisdiction of this Court for a writ of *certiorari* against the State Board of Education, for the purpose of reviewing its action confirming the action of the County Board of Education of Laurens County in ordering a consolidation of Cross Hill School District No. 3 with Cross Hill School District No. 13.

It appears that on February 11, 1925, a petition was filed with the County Board asking for the consolidation of the two districts. It was signed by 41 of the qualified voters of District No. 3. It does not appear that a similar petition was filed by the qualified voters of District No. 13. The County Board of Education passed an order consolidating the two districts, over the protest of the petitioners herein, qualified voters of District No. 3. Their objections were upon various grounds, which, under the view of the matter which this Court takes, need not be considered.

In the second proviso of Section 2599, Code of 1922, is as follows:

"That no school district shall be consolidated except upon a petition of at least one-third of the qualified voters of the school district proposed to be consolidated."

District No. 13 is as much "proposed to be consolidated" by the petition as District No. 3; the requirement of a petition of one-third of the qualified voters is, therefore, applicable equally to it; it is equally entitled to be heard upon the proposition for consolidation. The meaning of the proviso would more clearly appear if it read as follows:

"That no school districts shall be consolidated except upon a petition of at least one-third of the qualified voters of each of the school districts proposed to be consolidated."

This being true, the County Board of Education was without jurisdiction to entertain the petition for consolidation, its action was erroneous for this reason, and the action of the State Board of Education in confirming the action of the County Board was equally so.

The question of want of jurisdiction of the County Board, appearing upon the face of the record, this Court *sua sponte* may take notice thereof.

The judgment of this Court is that the order of the State Board of Education confirming the action of the County Board be reversed, and that the petition for consolidation before the County Board be dismissed.

MR. CHIEF JUSTICE GARY, MESSRS. JUSTICES WATTS and MARION, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.