12805

DeSHIELDS *ET AL. v.* WATERS, COUNTY SUPERINTENDENT OF EDUCATION *ET AL.*

(151 S. E., 105)

*Messrs. R. B. Paslay,* and *A. E. Tinsley,* for petitioners,

*Messrs. Blackwell, Sullivan & Wilson,* also for petitioners,

*Messrs. Foster & Wrightson,* and *Nicholls, Wyche & Byrnes,* for respondents,

January 9, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The County Board of Education of Spartanburg County ordered a consolidation of Trinity School District No. 85 and Cross Anchor School District No. 15, two common school districts of that county, under the authority vested in

the board by Section 2599 of Volume 3 of the Code of 1922. The petitioners, residents of Trinity School District No. 85, who were opposed to the consolidation, appealed from the action of the Spartanburg County Board to the State Board of Education, and the last-mentioned board affirmed the action of the lower board. The petitioners have brought the matter to this Court by writ of *certiorari,* directed to the State Board of Education and the County Board of Education of Spartanburg County.

Section 2599 of Volume 3 of the Code was amended, as to Spartanburg County, at the session of the General Assembly of 1929 (36 St. at Large, p. 72). We are not concerned here, however, with the amendatory Act, as it is conceded that the cause is to be determined by the provisions contained in Section 2599, *supra,* as the amendatory Act did not take effect until after the proceedings of the consolidation of the two school districts had been heard by the County Board of Education of Spartanburg County.

In Section 2599, *supra,* there is contained the following provision : *"Provided, further,* That no school district shall be consolidated except upon a petition of at least one-third of the qualified voters of the school district proposed to be consolidated." It has been decided that this provision requires the consent of at least one-third of the qualified voters of each of the involved school districts before the County Board of Education may order the consolidation. *Goggans v. State Board of Education,* 133 S. C., 183, 130 S. E., 645. It is admitted that more than one-third of the qualified voters of Cross Anchor School District signed the petition for consolidation now sought to be made.

The important question in the cause relates to the petition filed as to Trinity School District. Those favoring the proposed consolidation assert that this petition was signed by at least one-third of the qualified voters of that district; and this contention was upheld by both the County Board of Education and the State Board of Education. The petitioners

deny that the petition for the consolidation was signed by the required number of qualified voters.

The petitions for consolidation were filed with the County Board of Education on August 28, 1928, and all questions as to the qualification of voters are to be determined with reference to that date. The county board found that there were 67 qualified voters residing in Trinity School District, and that 24 of these, or one more than the necessary .one-third, had signed the petition. On the list of signers, however, was included the name of Mrs. E. B. Hembrey, who, it now appears, was not qualified, since she was not a registered elector. Mrs. Hembrey, however, was not counted in the total list of 67. The board's finding, therefore, should be corrected to show 23 signers out of a total of 67, just the required number of signers being on the petition.

The petitioners here claim that certain persons should have been added to the total list of qualified voters, and that the names of certain other persons should have been stricken from that list. They also contend that certain persons, who were counted as qualified voters on the petition, should not have been so counted. It is necessary for us to pass upon the eligibility of some of the persons whose qualifications as voters are in question.

C. L. Strange and J. P. Grogan, who signed the petition for consolidation, and whose names also appear upon the list of qualified voters, are challenged for the reason that neither of them paid poll tax assessed and due for the year 1927 until in March, 1928. In our opinion, the board committed error in holding these two gentlemen qualified voters as of August 28, 1928. It has been held that one of the prerequisites of the right to vote in an election is the payment six months before such election of any poll tax due and payable. *State v. Mittle,* 120 S. C., 526, 113 S. E., 335; *Abernathy v. Wolfe,* 117 S. C., 545, 109 S. E., 275.

Grogan and Strange could not have voted in an election on August 28, 1928, as they were not *qualified voters* at that time. See the opinion of Mr. Justice Cothran in the *Mittle case, supra,* where he makes clear the distinction between an elector and a qualified voter.

Striking the names of Grogan and Strange from the list of qualified voters, that list was reduced to 65. It was necessary for the consolidation petition to contain at least 22 signatures of qualified voters. From that list of 23, we have to take off the names of Grogan and Strange, which results in reducing the total number of signatures to 21, one less than the required number.

We do not think it necessary to go into a statement as to the numerous questions raised by both the petitioners and respondents as to the eligibility of many other persons referred to. An examination of the whole record discloses that in any event the petition for Trinity School District was not signed by at least one-third of the qualified voters of that district.

The judgment of this Court is that the action of the State Board of Education in affirming the action of the County Board of Education of Spartanburg County, be, and the same is hereby, reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.