·13510

MILLS *ET AL.* v. STATE BOARD OF EDUCATION OF
SOUTH CAROLINA

(166 S. E., 500)

*Mr. Alan Johnstone,* for petitioners.

*Mr. H. C. Holloway,* for respondents.

November 14, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

In this proceeding, we are called upon to review, by writ of *certiorari,* in the original jurisdiction of this Court, the action of the County Board of Education of Newberry County, in consolidating two common school districts in that county, and the action of the State Board of Education in an appeal from the mentioned action of the County Board of Education of Newberry County, wherein the State Board of Education reversed the action of the County Board of Education of Newberry County in ordering the consolidation, and directed the consolidation for high school purposes only.

The whole matter is much entangled. The minutes of the County Board of Education appear to have been altered, without authority of the board, after the board took its action; and some of the original papers have been lost.

The facts, as best they may be gathered from the confused record, seem to be these:

In March, 1926, there was presented to the County Board of Education of Newberry County a petition on the part of certain qualified voters, more than a third of Fairview School District No. 18, asking that that school district be consolidated with O'Neall School District No. 15. It is shown by some affidavits that the purpose of this petition was to effect a consolidation of the two school districts generally, under the provisions of Section 5350 of Volume 2 of the 1932 Code (Section 2599, Code of 1922). Other affi-

davits tend to show that the purpose of the petition was to have a consolidation for high school purposes only. Some time later, another petition, signed by a large majority of the qualified voters of Fairview School District, asking that the consolidation of the two school districts be not effected, was presented to the county board. Evidently, that petition was signed by many of the voters, who had signed the petition asking for the consolidation.

The County Board of Education ordered a general consolidation of the two districts under the provisions of the section of the Code mentioned, and entry of that action was made on the minutes of the board.

At no time was any petition for consolidation of the two districts, signed by any of the qualified voters of O'Neall School District No. 15, presented to the county board.

There was an appeal to the State Board of Education. After a long delay, the matter was heard there. In the meantime, according to the return of the County Board of Education, its minutes had been altered by some unauthorized person, so as to show that the action of the board was for a consolidation of the two school districts for high school purposes only. The State Board of Education finally ordered the consolidation for high school purposes.

It does not appear that the trustees of the two districts at any time agreed to a consolidation for high school purposes.

The grammar school was continued as before in Fairview School District. A few of the patrons of the Fairview School District sent their children to the high school in O'Neall School District No. 15. But a large majority of the patrons of Fairview School District did not patronize the O'Neall High School. Later on, a petition was presented to the County Board of Education by a very large proportion, nearly all of the patrons of the Fairview School District asking the County Board to revoke its order providing for a consolidation of the two districts for high school purposes. This petition was refused.

The matter again went to the State Board of Education. It was about that time discovery was made of the alteration in the minutes of the County Board. The State Board remanded the whole matter to the County Board for the purpose of taking testimony. Finally, on May 30, 1932, the State Board confirmed its former action consolidating the two districts for high school purposes.

The proceeding here is a review of the whole matter. The petitioners ask that the action of the State Board of Education, refusing to consolidate the two districts generally, be reversed, and that such consolidation be ordered, carrying into effect what they claim was the action of the County Board of Education. In that prayer, the County Board of Education joins. The State Board of Education has submitted the record, but makes no special request of the Court. The other respondents ask that the action of the State Board, in consolidating the two districts for high school purposes, be reversed, and that the action of the County Board, consolidating for all purposes, be also reversed.

We shall not go into any disputed facts. In the review, by *certiorari*, of the actions of the State Board of Education and the County Board of Education, it is our province to decide only questions of law.

Clearly, under one of the provisos in Section 5350 of the Code, the County Board of Education was without authority and jurisdiction to consolidate the two school districts, in the absence of a petition of at least one-third of the qualified voters of O'Neall School District No. 15. See *Goggans v. State Board of Education,* 133 S. C., 183, 130 S. E., 645; *DeShields v. Waters,* 154 S. C., 74, 151 S. E., 105.

Neither the State Board of Education nor the County Board of Education had authority, under Section 5598 of the Code of 1932 (Section 2716,

Code of 1922), to establish a high school for O'Neall School District and Fairview School District without the consent of the boards of trustees of the two districts. See *Watson v. Spartanburg County Board of Education,* 141 S. C., 347, 139 S. E., 775; *Hildebrand v. High School District No. 32,* 138 S. C., 445, 136 S. E., 757.

The position is taken by the petitioners that the respondents are estopped at this late day from questioning the original order of the County Board of Education, providing for a consolidation of the two districts as common school districts. We do not think the facts relied upon are sufficient to establish estoppel, even if the petitioners have the right to rely on that position. It appears that the action of the county board was appealed from, and the state board, in effect, reversed that action. The matter as to the consolidation for any purpose has been in dispute, and continually, in some way or other, before the County Board or the State Board of Education. It further appears that during all this time the Fairview School was operated for grammar school pupils, and all the patrons of that school, who desired to send their children to the school, were permitted to do so, and a great majority of the children in that district did attend the school, and only a few of the children of that district attended the high school located in O'Neall District.

It is the judgment of this Court that the action of the State Board of Education in ordering the two school districts consolidated for high school purposes be, and the same is hereby, reversed; and that the action of the County Board of Education of Newberry County in consolidating the two districts for any purpose be, and the same is hereby, reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.