# JANUARY TERM, 1909.*

156'  1
f156  65

FISCHER *v.* BOARD OF SUPERVISORS OF WASHTENAW
COUNTY.

Intoxicating Liquors—Local Option—Petitions—Withdrawal
of Names—One Who Has Voluntarily Signed a Petition.
Persons who have voluntarily signed a petition for an election
to be held to ascertain whether the manufacture of liquors
and the liquor traffic shall be prohibited within the limits of
a county (Act 183, Public Acts 1899) may not withdraw their
names therefrom after the petition has been filed with the
county clerk.

Certiorari to Washtenaw; Kinne, J. Submitted Feb-
ruary 23, 1909. (Calendar No. 23,251.) Decided March
16, 1909.

Mandamus by Rudolph J. Fischer and another to com-
pel the board of supervisors of Washtenaw county to
strike certain names from petitions asking for the sub-
mission of the question of prohibiting the sale of intoxi-
cating liquor to a vote of the people. There was an order
denying the writ, and relators bring certiorari. Affirmed.

*John P. Kirk, John L. Duffy* (*William C. Man-
chester* and *Fred A. Baker*, of counsel), for relators.

*Carl Storm*, Prosecuting Attorney (*Frank A. Stivers*,
of counsel), for respondent.

Ostrander, J. The only question presented on the
part of relators, plaintiffs in certiorari, is "whether persons
who have signed a local option petition can withdraw there-
from at any time before the board of supervisors has

* Continued from Vol. 155.

taken final action on the petition." Relators are some of the petitioners who sought to withdraw their names. It is said in the note to *Sim* v. *Rosholt*, 11 L. R. A. (N. S.) 372 (16 N. Dak. 77), where the·cases upon the general subject of the right to withdraw names from a petition or remonstrance are collected, that none of them denies the right of the signer of a petition or a remonstrance to withdraw his name therefrom while the same is in circulation for further signers, and before it has been filed or presented to the person or body to whom it is addressed, and that none of them recognizes the right to withdraw after the same has been finally acted upon. There is much confusion otherwise in the cases. The effect of the decision of this court in ·*Patterson* v. *Mead*, 148 Mich. 659, 666, is to deny the right of a petitioner to withdraw after the person or body to whom the petition is addressed has taken action upon the strength of the petition. Under the provisions of the local option law the petitions are required to be filed with the county clerk, and the first official action is that of the clerk. Act No. 183, Pub. Acts 1899, § 5. A reasonable rule, in view of the purpose of the act and of its various provisions, is that petitioners should not be permitted to withdraw after the petitions are filed in the office of the clerk.

The judgment is affirmed.

HOOKER, MOORE, BROOKE, and McALVAY, JJ., concurred.