## STATE ex rel. KETTERLING v. GREGORY et al

A signer of a petition for submission of the question of whether intoxicating liquor shall be sold at retail cannot withdraw his name from the petition after the same has been filed with the proper public officer and after the time for filing a new petition has expired.

(Opinion filed, June 18, 1910.)

Appeal from Circuit Court, Spink County, Hon. ALVA E. TAYLOR, Judge.

Mandamus by the State, on the relation of G. C. Ketterling, against Wallace Gregory and others, as supervisors, and J. P. Wolf, as town clerk, of the Township of La Prairie, Spink County. Peremptory writ granted, and defendants appeal. Affirmed.

*Corrigan & Darling,* for appellants. *Roy T. Bull,* for respondent.

CORSON, J. This is an appeal by the defendants from a judgment awarding a peremptory writ of mandamus. On the 10th day of February, 1910, an alternative writ was issued by the court which, upon a hearing by the court on the 21st day of February, 1910, resulted in a judgment awarding a peremptory writ appealed from. It is recited in the alternative writ, among other things, that La Prairie township in Spink county is a municipal corporation; that more than 30 days prior to the date of the annual town meeting which was to be held within and for said township on the 1st day of March, 1910, to-wit, on the 22d day of January, 1910, there was filed in the office of the town clerk of said township a petition asking that the question "Shall intoxicating liquors be sold at retail?" be submitted to the voters of said township at the said annual election; that said petition was signed by 28 legal freeholder voters of said township; that on the 4th day of February, 1910, the defendants met as the township board of said township, and proceeded to pass on such petition, and rejected the same, and made a record of their proceedings to that effect; that the defendants as such board and clerk have failed to give any notice of such annual election, and the said defendants were required, immediately upon the receipt of the writ, to cause due and timely notice to be given that there would be voted upon at the coming annual town election of said La Prairie township the question "Shall intoxicating liquors be sold at retail?" or that they show cause to the contrary before the court within and for said county of Spink. To this alternative writ the defendants made return, and for answer to the same admitted the filing of the petition on the 22d day of January, 1910, having the signatures of 28 persons, and that on the 4th day of February, 1910, the defendants as the township board considered said petition and rejected the same for the reason that at the time they took said action said petition only contained 23 names, five of those who had signed the petition having withdrawn their names therefrom on the said 4th day of February, 1910, and prior to the action of said board rejecting said petition. It was alleged in the return that the five persons who signed the petition and withdrew their names therefrom were fraudulently

induced to sign the same; but in the stipulation filed by the parties no reference is made to any fraudulent acts in obtaining the signatures of these five parties, and the facts as stated and admitted were stipulated as constituting the facts in -the case upon which the court might pass.

Three questions seem to be presented by the record, viz: (1) Did the board as such have any right to pass upon the petition presented to and filed by the clerk? (2) Did the five persons who attempted to withdraw from the petition have the right to so withdraw after the petition was filed with the clerk on the 23d day of January, 1910? (3) Was it competent for the board to reject the petition so filed with the clerk, and refuse to submit the question to the voters at the annual town election?

It is contended by the respondent in support of the judgment of the court below that, when the petition was filed with the clerk 30 days prior to the March annual meeting for the town election, it was the duty of the clerk to give the required notice, and that the town board had no authority to pass upon the question of the submission to the electors; that the town board had no power to reject the petition, having no jurisdiction to act in the matter; and, lastly, that the five persons who sought to withdraw their names from the petition could not legally do so after the petition was filed with the town clerk within 30 days prior to the said election. These propositions are controverted by the appellants the town board, who insist that it was their right and duty to examine the petition, and, if they found there were not 25 legal petitioners whose names were attached to the petition at the time they took action, to reject the petition and refuse to submit the question to the voters; that at the time they did so reject the said petition the five petitioners had withdrawn their names from said petition; that there were therefore left on said petition less than 25 petitioners; and that the persons so withdrawing had the right to do so at any time prior to the action taken by the board.

Section 2856 of the Political Code, as amended by Chapter 166, Laws. 1903, provides as follows: "At the annual municipal election held in any township, town or city in the state for general

municipal purposes, the question of granting permits to sell intoxicating liquors at retail within the corporate limits of such township, town or city shall be submitted to the legal voters thereof upon petition signed by 25 legal freeholder voters of such township, town or city, to be filed with the clerk or auditor of such township, town or city, thirty days before election, which petition shall state that a vote is desired upon such question. The question shall be submitted," etc. It will be observed therefore from these provisions of the law that a petition shall be filed in the office of the township clerk signed by 25 legal freeholders of such township 30 days before the election. There seems to be no question raised in this case as to the legality of the petition, or the time of filing; nor is it disputed but that it was signed by 25 legal freeholder voters of the township, and that no attempt had been made to withdraw any signatures at the time when the 30 days prior to the election had commenced to run. We are of the opinion that the respondent is right in his contention that, when the petition was filed with the town clerk and contained the requisite number of petitioners, it became the duty of the clerk to give notice of the same as required by law, and that the town board as such had no right or authority to take any action upon the petition. We are also of the opinion that after the petition was filed with the town clerk, and within 30 days prior to the election, the parties signing the same could not legally withdraw their names from said petition, and that the action of said petitioners in attempting to withdraw their names from the petition within the 30 days prior to the election was void and of no effect. While it may be conceded that the petitioners, prior to the filing of the petition with the town clerk, had the right to withdraw therefrom, it was the duty of the petitioners to exercise such right a sufficient time before the commencement of the 30 days prior to the election to enable the party filing such petition to procure and file a new petition.

The contention of the appellants that the town board had authority to act upon and reject the petition is clearly not sustained by either the statute in question or the general statute conferring upon the town board its powers. It is not claimed by the

appellants that the town board had any special authority given to it by the law to pass upon and reject the petition, but they claim that it was a power necessarily incident to the general powers conferred upon the board. This contention is clearly untenable. Had the Legislature intended that the town board should act upon the question, we must presume that it would have made some provision conferring such power upon the board. Under the provisions of the Code there are only four regular sessions of the town board provided for as follows: "Sec. 1057. The township boards of supervisors shall hold regular meetings as follows: They shall meet on the last Tuesday of February and the fourth Monday of June, as now prescribed by law, and in addition thereto they shall meet on the last Tuesday of March and the last Tuesday of October of each year." Clearly the clerk would not be authorized to call a special session of the town board for the purpose of passing upon such a petition, unless he was so authorized to do by the statute.

The contention of the appellants that the five persons who attempted to withdraw their names from the petition had the legal right to do so, and for that reason there were less than 25 names appearing upon the petition, is not sustained by the authorities. It seems quite clear from the authorities that, when jurisdiction has been confered by a petition, parties cannot, by withdrawing from such petition, oust the party having jurisdiction of his right to retain the same. Seibert v. Lovell, 92 Iowa, 507, 61 N. W. 197; Dunham v. Fox, 100 Iowa, 131, 69 N. W. 436; Green v. Smith, 111 Iowa, 183, 82 N. W. 448; State v. Phillipsburg, 68 N. J. Law, 552, 53 Alt. 620; Orcutt v. Reingardt, 46 N. J. Law, 340; Rutledge et al. v. Board of Supervisors, 160 Mich. 22, 124 N. W. 945; Kern v. Board of Supervisors, 160 Mich. 11, 124 N. W. 941; Fischer v. Board of Supervisors, 156 Mich. 1, 120 N. W. 13; Koerber v. Board of Supervisors, 155 Mich. 677, 120 N. W. 8. In Rutledge v. Board of Supervisors, supra, the learned Supreme Court of Michigan held: "One who has voluntarily signed a petition for a local option election may not, after the posting thereof, though before the filing of it with the clerk of the county, with-

draw his name therefrom; there being no provision therefor in the· statute." And the court in its opinion says: "In the case of Koerber v. Supervisors, 155 Mich. 677, 120 N. W. 8, it was held that one who had voluntarily signed a petition could not withdraw his name therefrom after the petitions were filed with the county clerk. It was not decided therein that he could not do so between the time of the posting of a copy of the petitions and the filing of the originals with the county clerk. The reasoning, however, of· the opinion and the quotations made therein from the decisions of other courts logically we think leads to this result. To hold otherwise might give rise to great uncertainty. A case might be imagined where, after the requisite number of names had been secured to set the machinery of the law in 'motion, persons who had attached their names to the petitions and had lulled the circulators of the petitions into a feeling that sufficient signatures had been procured might then withdraw their names, having intended to do so from the first, and thus prevent the submission of the question at the next general election. There is no provision in the law for the withdrawal of the names after the petition is posted, and we think no such provision should be read into it."

In State v. Phillipsburg, supra, the learned Supreme Court of New Jersey in discussing an analogous question says: "The testimony shows that, at the time the application was presented to the board of excise, there were at least 10 legal signers. * * * The beer·law requires only 10 signers. It is true that one of the signers of the recommendation in this case, after it had been presented, and the board had obtained jurisdiction, sent a communication to the board, resquesting permission to withdraw his name, on the ground that he had signed without proper reflection. The board did not grant permission, and the names of the 10 legal signers remained. It is doubtful if the board of excise could have ousted itself of jurisdiction by granting permission to withdraw a name from a recommendation after it has been presented, so as to reduce the number of signers below 10."

In State v. Gerhardt, 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313, the Supreme Court of Indiana, in discussing a similar question, says: "We have held that the power of the board of com-

missioners to grant a particular license depends upon the fact whether three days before its regular session remonstrance signed by a majority of the legal voters of the township or ward has been filed with the auditor; that, if the board finds this fact to exist, it could proceed no further in the matter, but must dismiss the application. The existence of this fact is manifestly jurisdictional, and, under a proper and reasonable interpretation of section 9, the right of a voter or voters to withdraw so as to leave a less number than is required by law cannot be maintained."

The cases cited by counsel for appellants, which seem to be largely involving county seats, including the case of State ex rel. Andrews v. Boyden et al., 21 S. D. 6, 108 N. W. 897, are clearly distinguishable from the class of cases occurring under the provisions of the intoxicating liquor law which we have been considering. In that class of cases no time is fixed for the election, and the mere filing of the petition does not of itself authorize the election, but the ordering of the election and fixing the time thereof is vested in the board of county commissioners. Hence, until the time the board took action upon the matter, it would seem to be proper to allow any person who had signed the petition or remonstrance to withdraw his name therefrom. In the case at bar, however, if our view is correct, when the petition was filed with the clerk, the clerk thereby acquired jurisdiction to give the notice to the electors, and they thereby acquired the right to have the question as to the sale of intoxicating liquors submitted to them. This jurisdiction of the clerk therefore could not be ousted by the withdrawal of the five persons who attempted to withdraw their names from the petition when the rights of electors had attached to have the question submitted to them, and within the 30 days prior to the election. For an exhaustive discussion of the authorities on the question presented, see note to the case of State ex rel. Andrews v. Boyden et al., supra, decided by this court, 15 Am. & Eng. Ann. Cases, 1122. While it appears from the note to that case that there is some conflict in the authorities, we are of the opinion that the weight of the authority sustains the position that parties cannot be permitted to withdraw their signatures to a petition or remonstrance when the effect would be to

oust the officer or board of jurisdiction acquired by the officer or board, and especially so when the time for filing a new petition or remonstrance had expired. To permit the signers of a petition, after the time has expired for filing a new petition, to withdraw their names therefrom, would as suggested by the Supreme Court of Michigan, enable parties to mislead the applicants for such petition into the belief that they had a petition filed, and, by withdrawing their names therefrom after the time for filing a new petition had expired, enable fraud to be practiced which cannot be sanctioned by the courts. We are clearly of the opinion, therefore, that under the provisions of the intoxicating liquor law of this state, when a petition has been duly filed by the town clerk, and such petition is apparently sufficient upon its face, it is the duty of the town clerk to give the notice provided by the statute; and that the town board had no authority to act upon such petition or reject the same; and that no signer of the petition, after the same was filed by the clerk and after the time for filing a new petition had expired, was authorized to withdraw his name therefrom. In our opinion, therefore, the court was clearly right in issuing the peremptory writ requiring the clerk to give the notice provided by the statute as to the sale of intoxicating liquors.

Finding no error in the record the judgment of the court below is affirmed.

WHITING, P. J. While concurring with the views of my Associate who wrote the foregoing opinion in his conclusion that the lower court should be affirmed, I prefer to base my concurrence solely upon the point that, after the 30-day period prior to the date for township election began to run, no signer of such petition had a right to withdraw his name therefrom. Whether or not the township board have any implied authority to act upon these petitions it is not necessary, at this time, to determine; but it will be noted that one of the defendants in this action is the town clerk, upon whom, if not upon the board, rests the duty of calling the election in question; and I am inclined to agree fully with counsel for the respondent when he says, in speaking of the duties of the clerk: "If, to his personal knowledge, there are not the required qualified signers, he will, if he is an honorable and con-

scientious officer, fail to give notice, and upon review of the proceedings no court would compel him to do so. On the other hand, if the petition is in all respects regular, mandamus will lie to compel his official action."

McCOY, J. I concur in the views expressed by Justice WHITING.

SMITH, J. I also concur in the views expressed by Justice WHITING.

HANEY, J. I concur in the conclusion that the judgment appealed from should be affirmed.