DAVIS et al., Appellants, v. CRAMER et al., Respondents.

(159 N. W. 886.)

(File No. 4065. Opinion filed November 13, 1916. Rehearing denied December 5, 1916.)

**1. Pleadings—Demurrer—Capacity to Sue—Statute.**

Where a complaint, in an action to contest the validity of an election, pleaded facts which, if true, established plaintiffs' capacity to sue, it was not subject to demurrer for incapacity under Code Civ. Proc., Sec. 121, specifying grounds for demurrer.

**2. Parties—Capacity to Sue—Objection by Answer—Demurrer—Statutes.**

Under Code Civ. Proc., Secs. 124 and 125, concerning objections by answer when matters that would render complaint demurrable do not appear on its face, defendants were required to take objection to the alleged incapacity of plaintiffs, by answer; the complaint not being demurrable on its face.

**3. Pleadings—Parties—General Denial—Waiver of Plaintiffs' Incapacity—Statutes.**

Under Code Civ. Proc., Sec. 124, concerning objection by answer, when matters that would render complaint demurrable do not appear upon its face, a general denial is not sufficient to raise an issue of plaintiffs' incapacity to sue; and, under Sec. 125, concerning waiver of objection by failure to demur or answer, held, that in absence of express allegations of incapacity, in the answer, the objection of incapacity is waived.

**4. Trials—Parties—Capacity to Sue—Pleadings, Waiver of Defect, by Failure of Proof.**

Objection to failure in a complaint to allege capacity to sue, is waived in the proof, where the case is apparently tried on

the theory that capacity to sue exists, and failure of proof is not brought to the attention of the trial court.

**5. Intoxicating Liquors—Petition for License Election—Death of Petitioner, Before Petition Considered, Effect.**

Under Laws 1913, Chap, 254, which contemplates that action shall be taken on a petition for liquor license election within thirty days from date of the municipal election, **held,** that where such petition was filed February 26, acted on March 14, and the election held April 18, one of the twenty-five petitioners having died March 8, eleven days before the time had arrived when it could rightfully be acted upon, the petition was insufficient to support the election, and the election was invalid; there being attached to the petition, when acted on, the names of only twenty-four qualified signers.

Appeal from Circuit Court, Turner County.    Hon. ROBERT B. TRIPP, Judge.

Action by J. A. Davis and others, against Geo. Cramer and others, to contest the validity of a liquor license election. From a judgment for defendants, plaintiffs appeal. Judgment reversed, with directions.

*Bogue & Bogue,* for Appellants.

*Kirby, Kirby & Kirby,* for Respondents.

(1) To point one of the opinion, Appellants cited: Wakeman v. Norton, 49 Pac. 283, 24 Colo. 192; Gouse v. City of Clarksville (C. C.) 1 Fed. 353; Murray v. McGarigle, 69 Wis. 483, 34 N. W. 552; Vol. 15 Enc. Pleading & Prac., page 471.

(5) To point five of the opinion, Appellants cited: Laws 1913, Chap. 254; State v. Ketterling, (S. D.) 127 N. W. 333; State ex rel. v. Boyden, 21 S. D. 6; Secs. 1215, 1216, Civil Code; Ferguson v. Monroe County, 71 Miss. 524, 14 So. 87.

WHITING, J.   This action was brought to contest the validity of an election held to determine whether intoxicating liquors should be sold at retail in the town of Davis. Trial was had to the court without a jury. The court rendered findings and conclusions upon which it entered judgment in favor of the defendants.

[1-3] Respondents move to dismiss the appeal because there was no evidence nor finding that appellants had capacity to initiate this contest. Without determining whether a motion to dismiss an appeal is a proper method of taking advantage of such an

alleged failure of proof, we pass to a consideration of whether any proof was necessary. The complaint pleaded facts which, if true, establish plaintiffs' capacity to sue. The complaint was therefore not subject to demurrer (section 121, C. C. P.), and defendants were, by sections 124 and 125, C. C. P., required to take objection to the alleged incapacity of plaintiffs by answer. Their answer contained no express allegations of plaintiffs' incapacity, but did contain a general denial of the allegations contained in the complaint. The authorities seem to agree that, under section 124, supra, a general denial is not sufficient to raise any issue, and that, under section 125, supra, in absence of express allegations of incapacity, the objection of incapacity is waived. Cal. Steam Nav. Co. v. Wright, 8 Cal. 585; Steamship Co. v. Rodgers, 21 S. C. 27; Dillaye v. Parks, 31 Barb. (N. Y.) 132; Waits Anno. Code, 248. In the California decision the court says:

"The answer was a simple denial of the allegations of the complaint in general terms, except as to one point. Under the provisions of the fortieth, forty-fourth, and forty-fifth, sections of the Practice Act [our sections 121, 124 and 125, supra] the want of capacity in the plaintiff to sue should have been specially set up in the answer. The general issue is not sufficient. 1 Mass. 1, 159; 6 N. Y. 527, 197; 7 B. Mon. 481. The want of legal capacity to sue is a personal disability; and if the defendant intends to set up such a defense, he should state so distinctly. The general denial relates to the other facts alleged concerning the contract. The defense that the plaintiff has not legal capacity to sue goes to the entire action, constituting a full separate defense, and should be separately stated."

There is nothing in the record to show that the alleged defect in proof was brought to the attention of the trial court. We agree with the court in Choctaw, etc., v. Jackson (C. C.) 182 Fed. 342, wherein, after referring to a waiver by failure to answer or demur, the court said:

"If such defect in the pleadings may be waived, certainly it might be waived in the proof, where it appears that, notwithstanding the absence of proof, the case is apparently tried on the theory that capacity to sue exists and the failure of proof is not brought to the attention of the court."

[4] The only other question presented upon this appeal is the sufficiency of the petition upon which the election was held. The petition was filed February 26, 1916, was acted upon March 14, 1916, and the election was held on April 18, 1916. One of the 25 persons whose signatures were held to make the petition valid died March 8, 1916. The trial court, in effect, held that the death of this party did not affect the validity of the petition, though without his signature thereto the petition would not have been valid. The statute under which this petition was filed (chapter 254, Laws 1913) does not contemplate that any action shall be taken thereon until within 30 days from the date when the municipal election is to be held. In State ex rel. Ketterling v. Gregory, 26 S. D. 13, 127 N. W. 733, Ann. Cas. 1913A, 40, this court, in effect, held that such a petition could not be invalidated by any action of the signers after the commencement of the running of such 30-day period; and the court also stated obiter that a petitioner could not withdraw his name even prior to such 30-day period unless there remained sufficient time within which the party filing the petition could procure and file a new petition. It is incumbent upon those seeking the lawful sale of intoxicating liquors within a municipality to see to it that every step is properly taken which must be taken to authorize such sale, such sale being universally recognized as an evil. It is therefore incumbent upon such parties to see to it that, at the commencement of the 30-day period, there is on file in the proper office a petition sufficient in contents, signed by 25 persons who are then and there qualified signers. In justice to those filing such a petition a withdrawal therefrom should not be recognized after the filing of the petition, and when such withdrawal is sought at a date so late as to amount to a fraud upon those who have relied upon the apparent intent of the signers. The petitioner died 6 days before the petition was in fact acted on and 11 days before the time had arrived when such petition could have rightfully been acted on. There were attached to such petition, when acted on, the names of but 24 qualified signers. The petition was instructed to support the election and such election was invalid.

The judgment appealed from is reversed, and the trial court is directed to enter conclusions of law and judgment in conformity with this decision.