ST. LAWRENCE INDEPENDENT SCHOOL DIST., Appellants, v. BOARD OF EDUCATION OF ST. LAWRENCE, Respondents.

(235 N. W. 697.)

(File No. 6642.   Opinion filed April 6, 1931.)

*M. Harry O'Brien,* of Highmore, for Appellants.
*Harlan J. Bushfield,* of Miller, for Respondents.

PER CURIAM. This proceeding was instituted under the provisions of chapter 175, Laws of 1923. A petition with 88 signatures thereon was filed with the clerk of courts of Hand county asking that certain descriptions of land therein mentioned be formed and organized as a common school district from territory embraced within the independent school district of St. Lawrence. The petitioners constituted a majority of the electors and real property owners of the territory proposed to be organized into a common school district. An order was entered by the circuit court fixing a time and place for a hearing on the petition, and notice thereof was given as required by statute.

On the day of the hearing on the petition, there was filed in the office of the clerk of courts a withdrawal petition signed by 28 persons, who had signed, and were qualified to sign, the original petition, stating that "we, the undersigned electors and real estate owners in that portion of the Independent School District of St. Lawrence, which is proposed to be separated from such Independent School District, do hereby withdraw our names from such petition and refuse to support such separation movement, and we do hereby instruct the circuit court of Hand County, South Dakota, to strike our names from such petition, that we may not be considered as signers thereon when such petition is presented to this Court." If these persons had the legal right to withdraw their names, the number of petitioners was reduced below that required

by law for the formation of a common school district from territory within an independent district.                    :

The question presented for decision is whether or not the petitioners could withdraw their names from the petition prior to and including the day fixed for hearing on the petition so as to leave the petition with a less number of petitioners than that required by statute and divest the circuit court of jurisdiction to order the formation and organization of a common school district. The contention of counsel for the appellants is that, when jurisdiction is conferred upon a circuit court by the filing of a legal petition, the right to withdraw names ceases. On the other hand, it is insisted by respondents that the right of withdrawal exists until final action has been had upon a petition.

Section 1 of chapter 175, Laws of 1923, in part reads as follows:

"Application by written petition for the formation and organization of such a district must be made by a majority of the electors and real property owners combined, of the territory which it is proposed to exclude from the independent school district and organized as a common school district and such petition shall be filed with the clerk of the circuit court of the county in which the proposed district is located. A plat shall be prepared showing the two districts and such plat shall be attached to the petition requesting the formation of the new districts and the petition shall state that a division of the school district is desired in accordance with the attached plat. Upon the filing with the clerk of courts of any such petition the circuit court shall, within ten days thereafter, by order, fix a time and place for a hearing upon such petition, notice of which shall be given by publication in at least one legal weekly newspaper published in the district affected by such petition, for two successive weeks, the last publication of which shall be at least ten days prior to the day set for hearing, provided that such notice shall be posted in three of the most public places within the district or districts at least twenty days before the date of said hearing if no legal newspaper is published within the independent school district. Upon the filing of such petition and the giving of such notice the circuit court shall have full jurisdiction of all matters referred to in such petition upon the hearing specified in such notice."

■ The court, upon a proper application being made, is required under this statute to fix a time and place for hearing. This preliminary determination, however, does not involve a finding by the court that the petition is signed by a majority of the electors and real property owners of the proposed district. The sufficiency of the petition in this respect is for judicial determination at the hearing thereon.

The right of petitioners to withdraw their names from a petition was considered by this court in State ex rel. Andrews v. Boyden, 21 S. D. 6, 108 N. W. 897, 15 Ann. Cas. 1122. It appears in this case that the board of county commissioners had not only received the petition, but had acted upon it to the extent of determining that it was signed by a majority of the legal voters of the county. Thereafter, and before an order was entered to submit the question of the removal of the county seat at the next general election, a remonstrance signed by persons who were originally petitioners for the removal of the county seat was filed with the county board, and, if such remonstrance were effective, the petitioners were reduced to a less number than a majority of the legal voters in the county. This court held that, until final action was taken by the entry of an order granting the petition, names could be withdrawn, and that an application for a writ of mandamus to compel the board of county commissioners to call an election to vote upon a change of the county seat was properly denied.

■ A signer of a petition cannot withdraw his name from a petition after the same has been properly filed and after the time for filing a new petition has expired. This rule was recognized by this court in State ex rel. Ketterling v. Gregory et al., 26 S. D. 13, 127 N. W. 733, Ann. Cas. 1913A, 40. In view of the differences in statutes, the rule announced in State ex rel. Ketterling v. Gregory, supra, has no application to the instant case.

The Supreme Court of Kentucky, in Davis v. Henderson et al., 127 Ky. 13, 104 S. W. 1009, 1010, assigns the following reason for the application of the rule that a signer of a petition has a right to withdraw until final action thereon:

"A petition is but a formal written request or prayer for a certain thing to be done. He who signs it must do so voluntarily; otherwise he cannot be in the attitude of making a request. The signature of the petitioner is but evidence of the request or prayer.

In the absence of anything to the contrary, the signature is conclusive. But when the signer appears in court and asks that his name be withdrawn, he indicates that he is no longer a petitioner."

The Supreme Court of Illinois in the case of Littell v. Board of Sup'rs of Vermilion County, 198 Ill. 205, 65 N. E. 78, 80, in discussing the right of a petitioner to withdraw, says:

"If all the petitioners had sought to dismiss the petition at any time before final action by the county board it would scarcely be claimed that they would not have had the right to do so. Each petitioner acts on his individual responsibility, and if he should change his mind on the question whether a new township would better serve the convenience of the inhabitants residing therein, or if he should be induced to sign it under a misapprehension or through undue influence, he ought to have the right to correct his mistake, if he does so before the rights of others have attached by the final action on the part of the board. It may be, as suggested by counsel for appellants, that vacillating or designing parties will abuse that privilege; but courts are powerless to prevent, in every case, such abuses. * * * To absolutely prohibit a citizen from withdrawing his name from a petition voluntarily signed by him, at any time after it has been presented to a body authorized to act upon it, would be a harsh and unreasonable rule, and also liable to work great hardship. Generally, parties act from honest motives, and it is for the protection of the rights of such parties that laws are enacted and construed."

The Legislature has given the circuit court power to form a common school district from territory within an independent district only upon the written application of a "majority of the electors and real property owners of the proposed district." The written application or petition is a means of determining that a majority of the electors and real property owners within the proposed district are in favor of its formation. If petitioners are denied the right to withdraw before final action, an application might be granted where a substantial majority was actually protesting. The statute never contemplated that an application should be granted under such circumstances.

■■ The trial court made proper findings with respect to the right of petitioners to withdraw, but improperly adjudicated other matters. The court also rendered judgment for costs and

disbursements against all the petitioners. There is no reason for imposing costs upon the petitioners who were willing to proceed with the application for the formation of the proposed school district when the result is the dismissal of the proceedings on the application of the withdrawing petitioners.

The judgment of the trial court is therefore reversed, and the cause remanded, with directions to dismiss the proceedings and to enter judgment for costs and disbursements in the trial court in favor of the defendant board of education against the withdrawing petitioners. No costs will be taxed on this appeal.

CAMPBELL, ROBERTS, and WARREN, JJ., concur.

RUDOLPH, J., not participating.

POLLEY, P. J. (dissenting). I am not able to agree with the majority of the court in this case. The petition was sufficient in all respects to give the court jurisdiction. It was filed in the clerk's office on the 18th day of April, 1927, and on that day the court made an order fixing the 10th day of May as the day of the hearing and directing the publication of notice of such hearing as required by the statute. The St. Lawrence school district entered a general appearance and answered to the merits as defendant in the case on the 10th day of May; on the 4th day of May entered into a stipulation with counsel for the petitioners, who will be referred to hereafter as plaintiffs, stipulating that hearing might be postponed to the 24th day of May, and the court made an order to that effect. On the 24th day of May, upon a similar stipulation, the court made an order that the hearing be had on the 3d day of June, and on said day the court proceeded to hear the matter. Plaintiffs put in their evidence and rested.

Defendant then moved the court to dismiss the petition upon the ground that the same did not contain the names of a majority of real estate owners and electors combined of the proposed common school district, and for the further reason that such a number of the petitioners had withdrawn their names from the petition as to leave the petition without a sufficient number of signers, and for that reason the court had lost jurisdiction of the case. This motion was taken under advisement by the court, and the defendant proceeded with its case. It offered, and the court, over proper objection, admitted in evidence, what purported to be a petition

signed by a certain number of the signers on the original petition wherein they asked to withdraw their names from 'such original petition. This petition of withdrawal, if filed at all, was not filed with the clerk until the commencement of the trial.

If the withdrawal petition were properly received in evidence, its effect was to reduce the number of petitioners to less than a majority of the electors and real property owners in the proposed common school district, and deprived the trial court of jurisdiction to do anything further in the case except to enter an order dismissing the case. But, instead of dismissing the case, the trial court, after having so deprived itself of jurisdiction, proceeded to try the case on the merits and entered judgment disposing of all the issues involved.

It is contended by the defendant that the signers of the withdrawal petition had a right to withdraw at the time they did, and in support of such contention cite and rely upon State ex rel. Andrews v. Boyden, 21 S. D. 6, 108 N. W. 897, 15 Ann. Cas. 1122. But that case is not controlling nor is it analogous to this. That was a case wherein a petition signed by a majority of the electors of a county asking for the submission of a change of the county seat had been filed with the board of county commissioners. At or before the time the petition was filed, a second petition signed by a majority of the voters, including a considerable number who had signed the first petition, asked for a change of the county seat to a place different from that named in the first petition. The question then became, which of the two petitions would the board act upon, and the court said that the board, not having made a final order upon the first petition before the second one was filed, was at liberty to act upon the second. In this case the court had acted upon the petition and entered at least three orders before the withdrawal petition was signed, and it is the contention of the plaintiffs that, after jurisdiction had been conferred upon the court, and the court had acted upon the petition by making the order fixing a time for a hearing and two orders of postponement thereafter, it could not be deprived of jurisdiction by the filing of the second petition. In State ex rel. Morgan v. Nemaha County, 10 Neb. 32, 4 N. W. 373, it was held that petitioners on a petition for the removal of a county seat might withdraw their names at any time before it is presented to the county commissioners, but that, after

the petition had been acted upon, it was too late to withdraw, citing Crume v. Wilson et al., 104 Ind. 583, 4 N. E. 169. Where a petition conferring jurisdiction on the court has been filed, the court cannot thereafter be deprived of jurisdiction by the withdrawal of a part of the petitioners. State ex rel. Beebe v. Wilkins, 67 N. H. 164, 29 A. 693, and cases cited. When the parties who signed the withdrawal petition signed the original petition, they invoked the jurisdiction of the court, and, after having set the machinery of the court in motion, should not then be permitted to deprive the court of jurisdiction by their attempted withdrawal. Huntley v. Younginger, 53 S. D. 195, 220 N. W. 530. The trial court clearly erred in receiving the withdrawal petition.

During the trial, over proper objection by plaintiffs, the trial court admitted in evidence the judgment rolls in two other cases involving the division of the St. Lawrence independent school district, and upon such evidence made the following conclusion of law: "The issues presented in such petition have already been adjudicated in two previous actions before this court, and the issues herein presented are now res adjudicata."

This conclusion is not warranted by any evidence or finding of fact in the record, because it appears from the finding of fact, and is conceded by the defendant, that the division of territory in the former cases was not the same as it is in this, and that the issues involved are not identical. Before the adjudication of a former action can be used as a bar to a succeeding action, the existence of four separate elements must be shown. These elements are: "(1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and the parties to the action; (4) identity of the quality in the person for or against whom the claim is made." 4 Words and Phrases, Second Series, page 300. In this case there is not an identity in the thing sued for, because the territorial division involved in the two former actions was not the same as that in the present action, and for that reason the causes of action in the different cases are not the same. Neither was it shown, or attempted to be shown, that the persons in the different actions were identical. Therefore, the doctine of res adjudicata does not apply.

The disposition of the two branches of the case by the trial court are wholly inconsistent with each other. If the withdrawal

petition was properly received in evidence, then the court was instantly deprived of jurisdiction to take any further steps in the case, except to dismiss it. On the other hand, if the court retained jurisdiction, then the disposition of the second branch of the case is not warranted by the evidence because of the lack of identity of persons and causes of action involved in the former cases.

The judgment appealed from should be reversed and the case remanded to the trial court to proceed in conformity with the former decisions of this court on the same subject.