STATE, ex rel PAPKE, Plaintiff, v. DENU, Judge

(281 N. W. 822.)

(File No. 8241. Opinion filed October 31, 1938.)

*Harvey M. Crow,* of Lemmon, and *Harry Wilmsen,* of McIntosh, for Plaintiff.

*Atwater & Helm,* of Sturgis, for Defendant.

PER CURIAM. In this proceeding plaintiff seeks to invoke the general superintending control of this court over inferior courts, under the provision of Section 2 of Article 5 of the Constitution of South Dakota. The facts out of which the proceeding arises are as follows: On September 6, 1938, there was presented to the County Commissioners of Perkins County a petition purporting to contain signatures of 1998 legal voters of Perkins County, petitioning the board to submit at the next general election the question of whether the county seat of Perkins County should be changed from the town of Bison to Lemmon. This petition was filed under the provisions of Section 3 of Article 9 of the Constitution of this state. Upon the receipt of the petition the following proceedings were had, as disclosed by the record of the proceedings of the commissioners: "Petition for the removal of the County Seat of Perkins County from Bison to Lemmon. The following Motion was made by Commissioner Reedy and seconded by Commissioner Heil. Motion: I move that the Commissioners now check the petitions filed and presented by certain electors of the county for submission to a vote of the people, of the question of the removal of the County Seat of Perkins County from Bison to Lemmon, and that the Commissioners now proceed to determine whether or not such petitions are signed by a majority of the electors of the County. Motion carried. All voting 'aye'." Thereafter the commissioners proceeded to consider and check the petition.

Prior to finally acting upon the petitions, withdrawal petitions, containing signatures of 159 of the signers on the original petition, were presented to the board. In these petitions the signers asked

that their names be withdrawn from the petition first filed. In addition to the withdrawal petitions there were presented to the board by certain interested parties, written objections to the petition. In these written objections it was alleged that the petition did not contain signatures of a majority of the legal voters of the county, that a large number of signers on the petition were not naturalized citizens, and other similar objections. Attached to these written objections were certain exhibits setting forth the names of a large number of persons whom the objectors contended were not qualified to sign the petition for the reasons set forth in their written objections. Subsequent to the filing of these objections and on the 9th day of September, 1938, the following proceedings were had by the county commissioners as shown by the record: "Motion made by Anderson, seconded by Quaal, that the petition to move the county seat from Bison to Lemmon be rejected, for the reason that there are not enough legal signers after the withdrawals have been taken off. Those voting 'aye,' Anderson, Quaal, and Land. Those voting 'no,' Reedy and Heil. The motion was declared carried."

On the 23rd of September, 1938, the plaintiff herein obtained from the circuit court of Perkins County an alternative writ of mandamus directed to the county commissioners of Perkins County directing them to "immediately accept and act upon said petition for an election to decide the question of changing the location of the County Seat of Perkins County, from Bison * * * to Lemmon," or to show cause at a time fixed, why they had not accepted and acted upon said petition. Upon the return day a hearing was had and evidence was presented. On the 19th day of October, 1938, the trial court entered its decision and judgment wherein it dismissed the alternative writ of mandamus, which had been issued, and dismissed the proceedings. By this present proceeding the plaintiff seeks to have this court review the correctness of the ruling of the court below in dismissing the mandamus proceeding. Neither in the trial court nor in this court has any one questioned the right to raise the questions presented by a proceeding in mandamus.

The plaintiff's application to this court is presented in the form of an order to show cause directed to the learned circuit court requiring him to show cause in this court why the judgment

he entered should not be vacated and set aside, and a judgment entered directing the county commissioners of Perkins County to accept and act upon the said petition.

Plaintiff seeks this particular form of remedy in this court because he contends that he has no other means of obtaining relief from what he asserts is an erroneous judgment of the circuit court due to the fact that the time intervening before the next general election, at which the question of removal should be submitted to the electors of Perkins County, is of such short duration that an appeal from the judgment of the circuit court would avail him nothing.

Many interesting questions arise as to the jurisdiction of this court in this type of proceeding to act under the provisions of the Constitution of this state relating to a general superintending control over all inferior courts. However, we need not enter into a discussion of this jurisdiction or in any way pass thereon. For the purposes of the instant case we may concede such jurisdiction, for we are convinced that no facts have been here presented upon which we should exercise the power conferred. Our reasons for refusing to exercise our power in this case, conceding our jurisdiction to act, may be stated briefly as follows:

Section 3, Article 9 of the Constitution, so far as here material, provides as follows: "Whenever a majority of the legal voters of any organized county shall petition the board to change the location of the county seat which has once been located by a majority vote, specifying the place to which it is to be changed, said board shall submit the same to the people of the said county at the next general election * * *."

Plaintiff first contends that the commissioners did not correctly determine the number of legal voters. Under the constitutional provision no guide is prescribed for the commissioners to follow in determining the number of legal voters in the county. The manner in which the county commissioners should determine this question, therefore, must be left to the judgment and discretion of that board. The record discloses that the commissioners used, as a basis for their determination, the 1938 school poll list made up under the provisions of Subdivision 8, Section 6749, R. C. 1919, as amended by Chapter 187, Laws of 1933. Plaintiff con-

tends that the commissioners should have accepted, as the number of legal voters in the county, the highest number of votes cast for any one office at the general election in Perkins County in 1936. Plaintiff has not attempted to show that the determination made by the board was in fact wrong, except as it is disputed by the election returns of 1936. Under these circumstances the trial court found "that there is no evidence to justify the court in disturbing the finding of the Board of County Commissioners." We are convinced that the trial court could have reached no other conclusion. We think it clear under this constitutional provision that the county commissioners were not bound to accept the number of votes cast in the election in 1936 as the number of legal voters in the county on September 9, 1938. As stated above the county commissioners under this constitutional provision might determine that question from any reasonable means available. This determination should not be set aside by any court until it is shown to be wrong, or, perhaps, made arbitrarily and without any reasonable basis. The fact that the determination as made by the county commissioners does not correspond with the number of votes cast in the general election preceding the determination is not such evidence, in our opinion, which standing alone would justify setting aside the determination made by the board for the reason that such determination is wrong. It is not claimed that the board's determination was arbitrary or without any reasonable basis. Many reasons suggest themselves as to why the number of voters in the 1936 election would not accurately reflect the number of legal voters in the county on September 9, 1938, the date the petition was acted upon, and plaintiff concedes this 1936 list would not be accurate. We are of the opinion, therefore, that there was nothing before the trial court upon which he should reverse the determination of the board. Plaintiff argues that "legal voters" as used in the Constitution means something different than legal electors. Conceding the validity of the distinction which plaintiff makes between the two terms, for the purpose of this opinion only, we think it immaterial for any purpose here. There is no showing that the commissioners did not determine the number of legal voters, and plaintiff has failed to show that the determination made was wrong.

Plaintiff next contends that the board should not have

allowed the withdrawal of the 159 signatures contained in the withdrawal petitions. In this connection we are convinced the board acted in accord with the rule announced by this court in the case of State ex rel. Andrews v. Boyden, 21 S. D. 6, 108 N. W. 897, 15 Ann. Cas. 1122. The withdrawals in the instant case were made more than thirty days before the October meeting of the board of commissioners at which meeting the petitioners could still file an effective petition. Under these circumstances the trial court was justified in concluding that the withdrawals were properly allowed. It might be that had the commissioners permitted withdrawals at a time which would have rendered impossible the filing of a new petition, such action would be contrary to the rule announced in the case of State ex rel. Williams v. Bateman, 60 S. D. 320, 244 N. W. 357. But no such situation is presented here. The time element is such that neither the trial court nor this court should hold that the commissioners were wrong in concluding that there was ample time after allowing the withdrawals for the addition of new names or the effective filing of a new petition.

An order will be entered dismissing the proceedings in this court.

All the Judges concur.