HEALEY, Respondent v. RANK et al., Appellants

(140 N.W.2d 850)

(File No. 10229. Opinion filed March 9, 1966)

**H. L. Hollmann,** Chamberlain, for defendants and appellants.

**Heidepriem & Widmayer,** Miller, for plaintiff and respondent.

ROBERTS, Judge.

Plaintiff, Francis Healey, and Melvin Rank were candidates for Sheriff of Buffalo County at the general election held November 3, 1964. The county canvassing board certified that Francis Healey received 395 votes and Melvin Rank received 413 votes. The returns indicated that in Victory Precinct No. 5 candidate Healey received 164 votes and 239 votes were cast for his opponent. On November 12, three electors of that precinct filed with the county auditor a petition verified by them stating that they believed that the official return in Victory Precinct as to the candidates for sheriff was erroneous and demanded a recount. On the following day, November 13, four electors of the same precinct filed petitions with the county auditor demanding a recount. Five of the signers subsequently filed in the auditor's office purported withdrawals of their names from the petitions. If the right of withdrawal existed, the number of electors of the precinct petitioning for recount was less than that required by statute. The county recount board thereafter met and refused to recount the votes and determine the result in such precinct. This proceeding for a writ of mandamus requiring the board to reconvene and to conduct a recount of the votes cast in Victory Precinct for the office of sheriff was then instituted.

Defendant Rank answered asserting that plaintiff failed to state a claim upon which relief could be granted and setting forth

the facts as to the purported withdrawals and maintaining that the number of petitioners was reduced below that required by statute to initiate a recount. The parties agreed that the matter be heard upon the facts shown by the record of the proceedings signed by the members of the recount board and attested by the auditor and filed in his office. The material portion of such record reads as follows:

"That following the General election held in Buffalo County on November 3, 1964, there was filed in my office on November 12, 1964 a petition signed by three legally qualified electors of Victory Precinct No. 5 of said County, setting forth that they believed that the official returns from such precinct as to Melvin Rank, the candidate for Sheriff are erroneous, and requesting a recount of the ballots therein. * *

"On November 13, 1964 two of the said petitioners requested in writing that their names be withdrawn from said petition. On November 13, 1964 further petitions were filed requesting same recount signed by four legally qualified electors. On November 16, 1964, the remaining petitioner on the first petition filed made request in writing to withdraw her name from such petition. On November 16, two signers of the petition filed on November 13th requested in writing that their names be withdrawn. After all of the withdrawals were considered there remained only two petitioners seeking a recount. * * *

"As the first order of business the board proceeded to examine and check the petitions requesting a recount, and it was determined that there were only two petitioners remaining. Written objections to proceeding with the recount were filed by Attorney Hollmann, and after discussion it was determined and ordered by unanimous vote of the recount board that it had no jurisdiction to recount the ballots of said precinct because of the insufficiency of the petitions."

The last day for the filing of a petition for recount was November 13, 1964. Two signers attempted to withdraw after the time allowed for such a filing. The trial court held that it was too late for these signers to withdraw. Defendant, Melvin Rank, appealed from the judgment directing issuance of a writ of mandamus commanding the board to reconvene and recount the ballots cast in Victory Precinct for sheriff.

The pertinent statute is SDC 16.1803(1). That statute in part provides:

"Such recount shall be made under any of the following conditions: (1) When within ten days after an election any three legally qualified electors of a precinct file with the county auditor a petition, duly verified by them, setting forth that they believe that the official returns from such precinct as to a specified candidate or as to a specified referred or submitted question are erroneous, the votes of such precinct as to the office or position specified or as to the question specified shall be recounted; * * *".

 There is no statute which in terms authorizes one who has signed a petition for recount to withdraw his name. There are instances, in the absence of statute, in which signers of a petition may withdraw their names if they act in due time, even though the withdrawals may render the petition insufficient because of insufficient signers. State ex rel. Andrews v. Boyden, 21 S.D. 6, 108 N.W. 897, 15 Ann.Cas. 1122; St. Lawrence Ind. Sch. Dist. v. Board of Education, 58 S.D. 287, 235 N.W. 697. The right is dependent upon the nature of the proceedings involved and the terms of the statute authorizing the proceedings. State ex rel. Ketterling v. Gregory, 26 S.D. 13, 127 N.W. 733, 26 Ann.Cas. 1913A, 40; Davis v. Cramer, 38 S.D. 64, 159 N.W. 886; State ex rel. Papke v. Denu, 66 S.D. 282, 281 N.W. 822.

In State ex rel. Williams v. Bateman, 60 S.D. 320, 244 N.W. 357, under a statute providing for the submission of the question of a consolidation or change of the boundaries of two or more counties by boards of county commissioners at the next general

election following the presentation of petitions at their regular July meetings this court held that signers could not withdraw their names after business hours on the last day for the filing of petitions. This court said:

"We think it is not unreasonable to hold, and in fact both good conscience and sound public policy dictate, that the signer of a purely political petition, such as one nominating a candidate for office or requesting the submission of a question at an election, is under an obligation to his fellow signers not to withdraw his name from such petition at a time when it is too late for the addition of names or the effective filing of a new petition."

To the same effect are decisions in other jurisdictions holding that signers of a petition which must be filed on or before a time specified cannot withdraw their names after the expiration of the time allowed for filing. See annotations in 126 A.L.R. 1067 and 27 A.L.R.2d 604. We hold that the attempted withdrawal of names on November 16 was too late.

It is contended by counsel for appellant that plaintiff has an adequate and complete remedy at law and that in any event a writ of mandamus would not afford the aggrieved party the right which the law accords him.

The duties of a county recount board are ministerial in nature and it has no judicial or quasi judicial functions. Smith v. Lawrence, 2 S.D. 185, 49 N.W. 7. The board has no other powers or duties than to recount the ballots, certify the result and make a separate and distinct certificate as to disputed ballots, if any. SDC 16.1810 - 16.1811 - 16.1812. True, the right of either party to occupy the office cannot be determined in this proceeding. As stated by High on Extraordinary Legal Remedies, 3rd Edition, § 11: "It is worthy of note that proceedings in mandamus do not always or necessarily determine the questions of ultimate right involved, and the writ is frequently granted when it can only determine one step in the progress of inquiry, and when it cannot finally settle or determine the controversy. A familiar illustration of this may be found in cases of mandamus to can-

vassers of elections, to compel them to canvass the votes cast and to declare the result accordingly, where it may still be necessary to resort to proceedings, in quo warranto, to determine the ultimate questions of right and to procure admission to the office."

Appellant contends that a writ of mandamus should not have issued for the reason that all the issues presented are controlled by the provisions of the recount statute. It is elementary that if a plaintiff has a plain, speedy and adequate remedy at law, then a writ of mandamus will not issue, SDC 1960 Supp. 37.4502. Turning now to the statute involved in the instant proceeding, we find that the whole proceeding is a recount of ballots at an election which are valid on their face. SDC 16.1801. A review of a recount canvass in court by certiorari is authorized by the provisions of SDC 1960 Supp. 16.1818, which in part reads: "Whenever any candidate is aggrieved by the final determination made as a result of any recount, he may have the proceedings of such recount board reviewed upon certiorari as provided by this chapter." SDC 16.1821 provides: "If the court concludes that the facts set forth in the petition, if true, are sufficient to justify the issuance of the writ, the same shall be issued. It shall be addressed to each county recount board, and to each other authority which the plaintiff claims to have exceeded its jurisdiction, including misapplication of the law in determination of questions concerning disputed ballots, and shall command each such board or authority at or before a time specified to certify to the court all its records and proceedings with reference to such matter." And SDC 16.1826 provides: "In such proceedings the court may review completely all of the proceedings had relative to such recount as shown by such certifications, and correct any errors made in the determination of questions as to validity of ballots, and in computation of returns, and any errors which may be manifest from such certifications."

The review by certiorari is thus limited by the terms of the statute to errors made in the "final determination made as a result of any recount." The application herein was for a writ of mandamus compelling affirmative action on the part of the recount board which it had the power and the duty to perform. The statutory writ of certiorari is not such a remedy as affords

the relief to which plaintiff was entitled and did not prevent intervention by mandamus.

Affirmed.

All the Judges concur.