PETER SEIBERT, Appellant, v. ROYAL LOVELL et al., Members of the Board of Supervisors.

Jurisdiction: TO ESTABLISH DRAINAGE DISTRICT. The board of supervisors acquires jurisdiction to establish such district when the statutory petition therefor is filed with the auditor, and while the withdrawal of a large number of the signers is matter bearing on the propriety of making the improvement, it does not oust the jurisdiction.  Code, 1208–1209.  Acts, Twentieth General Assembly, chapter 186, section 2.

PETITIONERS need not reside near to, or have interest in, the improvement.  The statute simply requires that they be legal voters of the county.

*Appeal from Hancock District Court.*—HON. P. W. BURR, Judge.

THURSDAY, DECEMBER 13, 1894.

PROCEEDING by *certiorari* to test the legality of the action of the board of supervisors of Hancock county, Iowa, in establishing a drainage district. Judgment against plaintiff, and he appeals.—*Affirmed.*

THE facts in this case are that on July 10, 1893, a petition was filed with the county auditor of Hancock county, Iowa, signed by the requisite number of persons who were residents, citizens, and legal voters of said county, asking for the establishment of a drainage district, to embrace certain lands described in said petition. A proper bond was filed, conditioned as provided by law in such cases. On the same date the auditor appointed a commissioner and engineer, who examined said district of lands, and filed his report, with plat and profile, recommending the construction of ditches at an estimated expense of nine thousand,

six hundred and fifty-seven dollars and five cents, and an estimate that four thousand, one hundred and ten acres of land would be benefited. Thereafter, and on January 23, 1894, the report was placed before the board of supervisors for action, and the time for its consideration was fixed for February 27, 1894, and the auditor directed to give notice thereof. Said notice was given. On the day set for hearing a remonstrance was filed by a large number of persons whose names were also on the petition, as well as by some others, including plaintiff. At the same time a large number of persons who had signed the petition, as well as some others, signed and filed a protest against the establishment of the proposed ditch, and said protestants moved the board to dismiss and reject the petition because it did not have the number of signers required by law. The board continued the hearing until April 2, 1894, when the protestants objected to the petition because of the one hundred and four original signers thereto sixty-five had "retracted" their names, and signed a remonstrance; that there was not the requisite number of petitioners to give the board jurisdiction; and that the number of acres comprising the territory within which said proposed ditch was to run had been in some places diminished and in others increased since the petition was signed. The board found that one hundred and four legal voters had signed the petition; that the bond was filed as required by law; that the auditor appointed a commissioner, who made proper report, showing the necessity for such drainage; that the petition was signed by the required number of legal voters; and approved of the acts of the auditor and commissioner, and overruled the motion to dismiss the petition and the objections filed to the petition, granted the prayer of the petitioners, and established the drainage district. They also took other action as to the ascertainment of damages to persons affected by the

ditch. This proceeding is by *certiorari* to test the legality of the board's action. On the hearing the district court found that in all respects the law had been complied with, and the proceedings were approved, and plaintiff was adjudged to pay the costs; to all of which he excepted.

*Richard Wilbur* and *C. L. Nelson* for appellant.

*W. E. Bradford* for appellees.

KINNE, J.—I. But two questions need be considered on this appeal: *First*, when was jurisdiction obtained over the subject-matter of the action; and, *second*, if jurisdiction once attached, could the power of the board to act be defeated by any subsequent action on part of a part of the petitioners, by their protesting or remonstrating or withdrawing their names from the petition, so as to reduce the number of petitioners below the one hundred required by the statute? The law, in reference to the establishment of drains, levees, ditches, and watercourses is found in chapter 2 of title 10 of the Code of 1873, and in chapter 186 of the Acts of the Twentieth General Assembly. As amended, the statute requires that "whenever the petition of one hundred legal voters of the county, setting forth that any body or district of land in said county * * * is subject to overflow; or too wet for cultivation; and that in the opinion of petitioners the public health, convenience, or welfare will be promoted by draining or leveeing the same, and also a bond * * * shall be filed with the county auditor, he shall appoint a competent engineer or commissioner, who shall proceed to examine said district of lands, and if he deem it advisable to survey and locate such ditches, drains, levees, embankments, and changes in the direction of watercourses as may be necessary for the reclamation of such lands or any part

thereof. * * *" Section 2, chapter 186, Acts of
Twentieth General Assembly. After the commissioner
files his report showing the necessity for the improve-
ment, the probable cost, etc., it is provided that "the
county auditor shall immediately thereafter, cause
notice in writing to be served on the owner of each
tract of land along the route of the proposed levee,
ditch, drain, or change in the direction of such water-
course, who is a resident of the county, of the pend-
ency and prayer of such petition, and the session of
the board of supervisors at which the same will be
heard, which notice shall be served ten days prior to
said session." Code, section 1208. By section 1209
of the Code it is provided that the supervisors, at the
session set for such hearing, shall, if they find the pre-
ceding section to have been complied with, hear and
determine the petition; and if they find such improve-
ment necessary, and no application shall have been
filed for damages as provided in the next section, shall
proceed to locate and establish such improvement.
Provision is made for the payment of damages in case
any are claimed. It appears that prior to the time the
remonstrances were filed in this case about five hun-
dred dollars had been expended in making the survey
and report touching the proposed improvement. There
is no question that the petition as presented to the
auditor contained the requisite number of petitioners,
nor is it questioned that at the time the board acted
upon the matter enough 'of the petitioners had pro-
tested and remonstrated against granting the prayer of
the petitioners to reduce the number of petitioners
below the legal number in case said remonstrants
and protestants should be treated as no longer
petitioners. From the foregoing statutes
and facts it is clear that the petition was
signed by the requisite number of legal voters of the
county, and that such a petition was requisite in order

to confer jurisdiction. Now, the record shows that the board found as a fact that the petition as filed contained the required number of petitioners. That was all that was necessary in order to confer jurisdiction when the finding is fully sustained by the facts, as it is in this case. We hold, then, that the question of jurisdiction is to be determined from the petition as it was when filed, and without regard to the subsequent acts of the petitioners. *Richman v. Board*, 70 Iowa, 630, 26 N. W. Rep. 24, and 77 Iowa, 513, 42 N. W. Rep. 422. So far as affecting the jurisdiction which had already attached was concerned, the protests and remonstrances were of no effect. They were proper to be taken into consideration by the board in passing upon the merits of the petition, but they were not available for any other purpose. It must be remembered that jurisdiction did not attach as of the date when the board acted, but as of the date when the legal petition was filed. The power to act having been conferred upon the board by virtue of a legal petition, it could not be impaired or taken away by the protests, remonstrances, or attempted withdrawals of some of the petitioners. The question requires no further consideration.

II. It is insisted that we should so construe the law as to require that petitioners should reside near, or be interested in, the proposed improvement. To do so would be to make law, not to construe it. The statute contains no such restriction. All that is required is that one hundred legal voters of the county shall petition in order to set the machinery of the law in motion. We can not override the plain provisions of the statute. If the law is defective in this respect, and the rights of citizens not properly protected, resort must be had to the legislature for relief. The decision of the district court was right, and its judgment is AFFIRMED.