## P. C. DUNHAM, et al., v. ORVIS FOX, et al., Appellants.

**Certiorari:** TRUSTEES: *Highways.* The proceedings of township trustees, under Acts Twentieth General Assembly, chapter 200, section 4, authorizing a consolidation of all the road districts in a township into one highway district on proper petition therefor, are judicial in their nature, and, therefore, subject to review on *certiorari*, under Code, section 3216, when the trustees have exceeded their jurisdiction.

**Setting Aside Illegal Highway Order:** ACTION BY TAXPAYER. A taxpayer may maintain proceedings to set aside an illegal order of the township trustees, consolidating all the road districts in the township, although he would not be prejudiced by a legal consolidation.

**Petition and Remonstrance:** WITHDRAWAL BY REMONSTRANCE. A signer of the petition required by Acts Twentieth General Assembly, chapter 200, section 4, relating to the consolidation of road districts of a township on petition of a majority of the voters, may withdraw his name therefrom any time before action is taken; and the signing of a remonstrance to such consolidation, by one who had previously signed the petition, operates to withdraw his signature from the petition, where the remonstrance is *presented before action is taken.*

*Appeal from Crawford District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, DECEMBER 10, 1896.

CERTIORARI to the defendants, as members of the board of trustees of Boyer township in said county, to test the legality of the proceedings of the board in the consolidation of the roads of the township. Judgment for plaintiffs, and the defendants appealed.— *Affirmed.*

*Mackenzie & Dewey* and *Phillips & Barrett* for appellants.

*J. P. Conner* for appellees.

GRANGER, J.:—I. The cause was submitted on an agreed statement of facts, from which it appears that the defendants are the trustees of Boyer township; that a petition was presented to the board to consolidate the road districts of the township into one highway district; that the names on the petition represented a majority of the voters of the township; that a remonstrance was also presented with the petition, on which were names appearing on the petition; that, deducting from the names on the petition those appearing on both the petition and the remonstrance, the remainder would not be a majority of the voters of the township; that the board disregarded the remonstrance, and treated the petition as containing a majority of the voters, and made an order consolidating the road districts as prayed. The district court adjudged the proceedings, by which the districts were consolidated, void.

II. It is thought the plaintiffs have no such interests as will enable them to institute this proceeding.

In addition to the above, it is admitted that the plaintiffs, three in number, are legal voters and taxpayers in Boyer township. As the order of consolidation affects every road district in the township, it must affect their interests. It is true that it does not appear that a legal consolidation would be to their prejudice or injury. The objection made to the consolidation is not that it will result to the prejudice or injury of any persons because of inexpediency, but because it is unlawful. It hardly needs argument to show that the change in the road districts, contemplated by the order, if put into effect, will be to the prejudice of any taxpayer if the order is void, for the effect is to abandon the present districts as to officers, and all the details of their operations, and put in operation a system not authorized, and hence one likely to be set aside at any time. It would seem that any citizen and taxpayer could protect himself against such contingencies. In *Van Wagenen v. Supervisors*, 74 Iowa, 716 (39 N. W. Rep. 105), the question of a right of a taxpayer to maintain the suit was not expressly decided, because not raised; but a suit was so prosecuted by a taxpayer under circumstances as open to question as this. In *Collins v. Davis*, 57 Iowa, 256 (10 N. W. Rep. 643), a certiorari proceeding, the question of the interest essential to maintain such suit is discussed, and kindred cases are cited and considered; and the rule of the case clearly justifies the right of these plaintiffs to maintain this action. Such a right has full support in reason.

III. The statute permits the writ to issue in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded its proper jurisdiction, or is otherwise acting illegally. It is urged that the board of trustees was not exercising judicial functions, and hence, that the proceedings will not lie. The law under which

it was acting is section 4, chapter 200, Acts Twentieth General Assembly, as follows: "The board of township trustees may, at their regular meeting in April, 1884, or at any regular meeting thereafter, on petition of the majority of the voters of said township, consolidate the several road districts in the township into one highway district; provided, however, that nothing herein contained shall be construed to prevent the trustees from again sub-dividing the township into sub-districts and returning to the present plan of road work, at any regular April meeting, after two years' trial of the plan provided by this act." It will be seen that the statute is not mandatory, but permissive only. It devolves on the board a discretionary duty after jurisdiction once attaches. The board is to consider the needs of the township, and grant or refuse the prayer of the petition. Such an act is so far judicial as to come within the provisions of the Code authorizing *certiorari* proceedings. It makes no difference that a civil township is not a municipal corporation, and only a sub-division of a county. The trustees are no less a board, with duties both ministerial and judicial, and subject, when of the latter kind, to review and correction. The law permits the writ to issue "where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded its proper jurisdiction." Code, section 3216. The act, and the section in question, denominates the trustees "the board of township trustees," so that it comes within the letter of the law.

IV. There is a claim that the board had no authority to consider the remonstrance, but should have taken the petition as presented. Reference is made to some provisions of our law, wherein the right to remonstrate is granted in express terms, and it is argued that, where no such right is granted, it does not exist. There is a provision in the law as to petitioning boards of

supervisors for the re-location of county seats, that remonstrances may be also filed, and defining by whom they may be signed. Nothing in the language granting such a right justifies the inference that it was intended thereby to deny that right in matters disconnected from the subject in which the right is given, if it otherwise existed. It does not seem to be the purpose of the act, under which the board proceeded, to permit a consolidation, except a majority of the voters desire it, and express their desire in the manner designated. The petition presented was signed by eighty-nine voters, of which forty signed the remonstrance, thereby indicating that they had changed their minds, and did not desire the consolidation. We think that, before action, petitioners had the right to, by remonstrance, express to the board the fact that they did not desire to be regarded as petitioners. This conclusion is sustained by the following authorities: *State v. Board of Supervisors of Polk County* (Wis.) (60 N. W. Rep. 266); *Slingerland v. Norton* (Minn.) (61 N. W. Rep. 322); *Black v. Campbell*, 112 Ind. 122 (13 N. E. Rep. 409); *State v. Eggleston*, 34 Kan. 714 (10 Pac. Rep. 3); *Hays v. Jones*, 27 Ohio St. 218; *Dutten v. Village of Hanover*, 42 Ohio St. 215; *State v. Commissioners Nemaha County* (Neb.) (4 N. W. Rep. 373). These cases all sanction the right of a petitioner to withdraw his name from the petition, and in some the right is authorized, in terms, by remonstrance. In none is there an intimation that it could not be done in that way. In some of the cases it was done in other ways, and the right sustained. It is hardly to be questioned that the signing of a remonstrance after signing a petition would have the effect of a withdrawal in the absence of explanation. It is to be understood that the remonstrance came with the petition to the board of trustees, so that it became operative in determining the question

of jurisdiction. Had the trustees obtained jurisdiction before the remonstrance was presented, the case would come within the rule of *Seibert v. Lovell,* 92 Iowa, 507 (61 N. W. Rep. 197), and the remonstrance could only be considered on the merits of the application. With our conclusion as to the law, under the facts as agreed, the board of trustees was without jurisdiction, and its act was void.—AFFIRMED.