JOSEPH SIM, GEO. O. STOMNER AND MARTIN L. RUDE, MEMBERS OF THE BOARD OF COUNTY DRAIN COMMISSIONERS OF TRAILL COUNTY, NORTH DAKOTA, v. JOHN K. ROSHOLT.

Opinion filed May 9, 1907.

**Drains — Jurisdiction of Drain Commissioners — Withdrawal of Names from Petition.**

 1. Under section 1821, Rev. Codes 1905, relating to the establishment of drains, the jurisdiction of the board of drain commissioners to order such drain is acquired by the filing with the board of a petition as therein required, and after such jurisdiction is thus acquired, and the board has taken action thereunder, it cannot be divested of such jurisdiction by the action of the petitioners in withdrawing their names from the petition.

**Practice — Directed Verdict — Judgment Notwithstanding the Verdict.**

 2. At the conclusion of the testimony, both parties moved for a directed verdict, there being no issue of fact involved. The trial court granted the defendant's motion. Subsequently plaintiffs moved for judgment notwithstanding the verdict, which was, on April 11, 1906, denied. Thereafter, and on June 29th, the trial court made an order reversing its previous ruling and ordering judgment in plaintiff's favor notwithstanding the verdict. *Held,* that the court had jurisdiction to make the latter order, and that no error was committed in so doing.

Appeal from District Court, Traill County; *Pollock, J.*

Action by Joseph Sim and others against John K. Rosholt. Judgment for plaintiffs, and defandant appeals.

Affirmed.

*P. G. Swenson* and *John A. Sorley,* for appellant.

A petitioner can withdraw his name before the petition is acted upon. Mack v. Polecat Drainage Dist., 74 N. E. 691; Littel v. Board of Supervisors, 65 N. E. 78; Black v. Thompson, 13 N. E. 409; LaLonde v. Board of Supervisors, 49 N. W. 960; State v. Board of Supervisors, 60 N. W. 266; Slingerland v. Norton, 61 N. W. 322; State v. Commissioners, 4 N. W. 373.

*Theo. Kaldor* and *J. F. Selby,* for respondents.

Petitioners may withdraw their names if they move before the board rules upon the sufficiency of it, otherwise their right is waived. Black v. Thompson, 13 N. E. 409; Seibert v. Lovell et al., Super-

visors, 61 N. W. 197; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; Alstad v. Sim, 109 N. W. 66, 15 N. D. 629; Currie v. Paulson, 45 N. W. 854; Gerber v. Board of Com., 94 N. W. 886; Damrell v. San Joaquin Co., 40 Cal. 154; In re Grove St., 61 Cal. 438; Far. & Mer. Bank v. Board of Equalization, 32 Pac. 312.

FISK, J. This is an appeal from a judgment of the district court of Traill county, rendered in favor of plaintiffs, as members of the board of drain commissioners of said county, condemning a right of way for a drain across defendant's land. It was stipulated at the trial that defendant's damages for the taking of the land sought to be condemned was $200, and the sole question in dispute was as to whether or not the plaintiffs had jurisdiction to construct the proposed drain; it being defendant's contention that while the petition for the construction of the drain, when first presented to the board, contained the requisite number of signatures, prior to the final action of the board in ordering the construction of such drain, enough of such signers or petitioners had asked to withdraw their signatures from the petition to reduce the number of petitioners below that required by law, and that by such request the board was divested of jurisdiction to order the drain constructed, and hence that its order to that effect made on July 7, 1905, was illegal and void. Defendant contends, as we understand him, that the petitioners for this drain had the legal right to withdraw their names from the petition at any time prior to July 7, 1905, the date of the final order establishing the drain. If he is correct in this contention, then a verdict should have been directed in his favor by the trial court; otherwise it should have been directed in plaintiff's favor. The petition for the establishment and construction of this drain was presented to the board on June 29, 1904, and contained the signatures of 11 freeholders, and that at a meeting of the board on said date such petition was formally received and acted upon by the board, and such board made a determination that such petition was signed by the requisite number of qualified petitioners, and ordered such petition to be received and placed on file. The board thereafter fixed June 30, 1904, as the date for it to examine the line of the proposed drain, which was done, and a report made changing in some respects the course of such proposed drain, and at its meeting on July 1, 1904, the board unanimously decided that the proposed drain was needed, and on motion it was ordered that the county surveyor be directed to prepare a survey of such proposed drain in accordance

with the changes recommended by the board, and to make report of such survey at the earliest possible date. At a meeting of the board held on July 19, 1904, six of the petitioners presented to the board a written document signed by them stating that they withdraw their names from the petition; but the board apparently ignored such attempt to withdraw.

We are squarely confronted with the question, therefore, as to the effect upon the jurisdiction of the board of the attempted withdrawal from the petition of the six persons, as above stated. Section 1821, Rev. Codes 1905, relating to drains, provides that the initiatory step to be taken to establish a drain shall be the presentation to the board of drain commissioners of a petition in writing, and if the chief purpose of the drain is the drainage of agricultural, meadow, grazing, or other land, the same shall be signed by at least six free holders, whose property shall be affected by the proposed drain. It also provides that, upon the presentation and filing of such petition, the members of the board shall personally proceed to examine the line of the proposed drain, and, if in their opinion it is necessary, they shall cause a survey of the line thereof to be made and profiles, plans, and specifications to be prepared, also an estimate of the cost thereof, and a map or plat of the land to be drained, etc. These preliminary steps were commenced, but how far they had progressed prior to the time these six petitioners served notice of the withdrawal of their names from the petition does not clearly appear, nor in our opinion is this material. If these persons had a right on July 19th to withdraw their names from the petition, and by so doing oust the board of jurisdiction to proceed further, then we think they had such right at any time prior to the final action of the board in ordering the drain established, and such we understand, as before stated, to be the contention of appellant's counsel. Numerous authorities are cited in appellant's brief in support of this contention. These are: Mack v. Polecat Drainage District, 74 N. E. 691, 216 Ill. 56; Littel v. Board of Supervisors, 65 N. E. 78, 198 Ill. 205; Black v. Campbell, 13 N. E. 409, 112 Ind. 122; La Londe v. Board of Supervisors, 49 N. W. 960, 80 Wis. 380; State v. Board of Supervisors, 60 N. W. 266, 88 N. W. 355; Hays v. Jones, 27 Ohio St. 218; Hord v. Elliott, 33 Ind. 220; Slingerland v. Norton, 61 N. W. 322, 59 Minn. 351; and State v. Commissioners, 4 N. W. 373, 10 Neb. 32.

Upon examination it will be found that most of these cases relate to petitions for the removal of county seats, or are based upon a statute different from ours, and it will also be found that they do not support the right of petitioners to withdraw their names after the sufficiency of such petition and the qualifications of the petitioners have been passed upon by the board authorized to act thereunder. On the contrary, they will be found to support respondent's theory that, after the board has passed upon the sufficiency of such petition, it is thereafter too late to withdraw therefrom. In Black v. Thompson, one of the cases relied upon by appellant, it was held that, "if the dissatisfied petitioners had not moved for leave to strike off and withdraw their names before the board ruled upon the sufficiency of the petition, their right to so move would have been waived." And again, on page 412 of 13 N. E. (112 Ind. 122), is said: "The conclusion reached in this case as to the time and the circumstances under which names may be withdrawn from the petition is not in conflict with either the case of Forsythe v. Kreuter, 100 Ind. 27, or that of Crume v. Wilson, 104 Ind. 583, 4 N. E. 169, above cited. The first of these was a highway case, and the latter was a case for drainage. In both of these cases notice of the presentation of the petition was required and the sufficiency of the petition as a jurisdictional question had to be considered and ruled upon, before appointing reviewers in one case, and before referring the subject matter of the petition to the drainage commissioners in the other. In this case, notice was neither given nor required until after the viewers and an engineer were appointed and the time for their meeting was fixed, and, for the reasons given, no question arose as to the ultimate sufficiency of the petition until after the report of the viewers and the engineer had been made. Up to that time all the proceedings were merely preliminary to the ultimate sufficiency of the petition as stated." In Mack v. Polecat Drainage District, also cited by appellant, the court used the following language: "The signing of such petitions is not an irrevocable act, and that it may be revoked at any time before the jurisdiction of the body authorized to act has been determined by it."

We are clear that after the board passed upon the sufficiency of the petition and ordered the same received and filed, and, after it had proceeded to act thereunder, its jurisdiction to take all subsequent steps necessary to the establishment of a drain thereby attached, and it could not thereafter be ousted of such jurisdiction by

the action of any of the petitioners in attempting to withdraw their names from such petition. In support of our views we call attention to the following authorities: Seibert v. Lovell, 92 Iowa, 507, 61 N. W. 197; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; Alstad v. Sim (N. D.), 109 N. W. 66; Gerber v. Board of Commissioners, 94 N. W. 886, 89 Minn. 351. In Seibert v. Lovell, the Supreme Court of Iowa, in speaking upon this question, said: "We hold, then, that the question of jurisdiction is to be determined from the petition as it was when filed, and without regard to the subsequent acts of the petitioners. Richman v. Board, 70 Iowa 630, 26 N. W. 24, and 77 Iowa 513, 42 N. W. 422, 4 L. R. A. 445, 14 Am. St. Rp. 308. So far as affecting the jurisdiction which had already attached was concerned, the protests and remonstrances were of no effect. They were proper to be taken into consideration by the board in passing upon the merits of the petition, but they were not available for any other purpose. It must be remembered that jurisdiction does not attach as of the day when the board acted, but as of the date when the legal petition was filed. The power to act having been conferred upon the board, by virtue of a legal petition, it could not be impaired or taken away by the protests, remonstrances, or attempted withdrawals of some of the petitioners." In both of the decisions of this court, above cited, it was distinctly held that the jurisdiction of the board to act was established by the filing of a sufficient petition for the construction of the drain. The jurisdiction of the board to establish the drain having attached by the filing of a sufficient petition, it seems plain under the statute in question, that the retention of such jurisdiction should in no manner depend upon any subsequent act of the petitioners. We are in accord with, and fully approve of, the reasoning in the opinion of the Supreme Court of Iowa as announced in Seibert v. Lovell, supra.

This disposes of the principal question involved on this appeal. A question of practice remains to be determined. At the close of the testimony on March 30, 1906, both parties moved for a directed verdict, and, there being no question of fact in controversy, the damages for the taking of the right of way having been stipulated, the trial court denied plaintiff's motion and directed a verdict in defendant's favor. Subsequently, but on the same day, plaintiffs moved for judgment notwithstanding the verdict, which motion was denied on April 11, 1906, and judgment ordered dismissing the action. Thereafter, on May 4, 1906, plaintiff's counsel prepared a notice of intention

to move for a new trial, but the record does not disclose that the same was ever served, or that a motion for a new trial was ever brought on for hearing, but on June 29, 1906, an order was made by the trial judge as follows, omitting the title: "The above-entitled matter coming on before the court to be heard upon motion of counsel for plaintiffs, for judgment notwithstanding the verdict, which was made at the close of the trial of said action, and for a rehearing of the motion and setting aside of the order made April 11, 1906, now, after hearing the arguments of counsel, and due consideration thereof, it is ordered that said motion be and the same is hereby granted. The order made April 11, 1906, is hereby set aside and judgment is ordered to be entered for the plaintiffs, for the relief demanded in their complaint, and the damages to be fixed in favor of the defendant shall be entered in such judgment in the sum of $200, which amount was stipulated between counsel as being the just compensation for the property taken. Let judgment be entered accordingly. By the court: Chas. A. Pollock, Judge. Dated June 29, 1906.". The making of the foregoing order constitutes the basis of appellant's second assignment of error. The contention of counsel for appellant that this order was made at the hearing of a motion for a new trial is not warranted by the printed record. As before stated, the record does not disclose that any such motion was made or considered. Hence the case of Kernan v. St. Paul City Ry. Co., 67 N. W. 71, 64 Minn. 312, cited in defendant's brief, is not in point, and counsel's contention is without merit. From the recitals in said order, it appears that the plaintiffs' counsel moved for a rehearing of their previous motion for judgment notwithstanding the verdict and for an order setting aside such former order. That such practice is permissible has been settled in this state. Clopton v. Clopton, 10 N. D. 569, 88 N. W. 562, 88 Am. St. Rep. 749. See, also, Wolmerstad v. Jacobs, 16 N. W. 217, 61 Iowa 372; State v. Daugherty, 30 N. W. 685, 70 Iowa 439; Flickinger v. Railway Co., 67 N. W. 372, 98 Iowa 358. So far as the printed record discloses, no judgment was ever entered pursuant to the first order. Nothing but a law question being involved, and the trial judge having committed error in making the first order, we know of no reason consonant with sound practice why he should not be permitted, in the interest of justice, to correct such error.

The judgment is affirmed. All concur.