14847

HAWKINS *ET AL.* v. CARROLL *ET AL.*

(1 S. E. (2d), 898)

12

*Messrs. J. Davis Kerr, Jr.,* and *Osborne, Butler & Moore,* for petitioners.

*Messrs. R. B. Pasley, Rufus M. Ward* and *Donald Russell,* for respondents.

March 24, 1939.

*Per curiam.*

At its 1938 session, the General Assembly passed an Act, 40 Stat. at Large, p. 1775, amending Section 1 of an Act of 1934, 38 Stat. at Large, p. 1338, relating to the election and term of office of school trustees in Spartanburg County, the part of such amendatory Act here pertinent being as follows: "Upon a written petition signed by at least one-third of the qualified electors and one-third of the resident freeholders of any school district being filed with the Chairman of the Board of Registration on or before February 25th of any year, including 1939, the Board shall determine on or before March 5th whether or not said petition meets the requirements set out above, and shall within three days thereafter notify the board of trustees of the respective school districts meeting the requirements to call an election to be held on or before March 28th of that year."

Pursuant to the provisions of this statute, a petition was circulated in Saxon district No. 70 of Spartanburg County asking that an election be had for school trustees of that district. The petition contained forty-five signatures of alleged resident freeholders of the district, and was filed with the board of registration on February 24, 1939. On February 25th another petition was filed with the chairman of the board. This contained the signatures of seventeen persons who claimed that they, as resident freeholders of the district, had signed the original petition through inadvertence and asked that their names be stricken therefrom.

The board met on March 4, 1939, to determine if the petition asking for the election complied with all the requirements of the Act. At this hearing testimony was taken and affidavits of nine persons who had previously signed both petitions were offered in evidence; these affidavits were to the effect that the makers thereof did not want, as they fav-

ored the election, their names stricken from the original petition.

As a result of the hearing, the board found as a fact, which is not disputed, that there were seventy-three resident freeholders in Saxon School District 70, and that thirty-six of these were signers of the original petition. By its action, the board held that the signers of the second petition, seventeen in number, could not, under the law and facts, withdraw their respective names from the original petition asking for the election, but included these names in the count of thirty-six of such signers. As this count of thirty-six resident freeholders of the district was more than the one-third required by law, and as no question was made as to the qualified electors thereof, the board held that the original petition met all legal requirements, and the trustees were notified to call an election as provided by the statute.

By permission, this proceeding was then instituted in the original jurisdiction of the Court. The petitioners alleged, among other things, that the board of registration committed error of law in holding that the seventeen signers of the second petition could not withdraw their names from the petition asking for an election, in admitting in evidence and considering, if it did, the nine affidavits referred to, and in holding that the original petition met all the requirements of the Act. They asked that a writ of *certiorari* issue commanding the board to certify to this Court all original records and papers in the matter, and to make return to the writ as the Court might order; and that the trustees of the school district also be directed to plead thereto. The writ was issued as prayed for, and in due time all acts required to be done under its terms were performed by the respondents or the impossibility of performance explained.

While two questions are stated and argued by counsel, under our view of the case, it will be necessary to consider only one of these, which may be thus stated: Did the board of registration, under the admitted facts, commit error of law in holding that the seventeen resident freeholders of the

district could not withdraw their names from the original petition asking for an election, and in refusing to permit them to do so?

We know of no case, and none has been cited us, in which a question of this kind has been passed upon by this Court. But see *DeShields v. Waters, Superintendent of Education,* 154 S. C., 74, 151 S. E., 105. Similar questions, however, have been before and decided by the Courts of a number of other States, some of the decisions being cited by counsel in support of their respective contentions. See a very excellent annotation of the question in 11 L. R. A., N. S., 372.

Our examination of these authorities, and of others, discloses a lack of harmony in regard to the matter.

As pointed out in the annotation mentioned, there is much variation among the decisions—and this seems to be the main point of divergence—as to what particular stage of the proceeding the right to withdraw may be exercised, this question being influenced to a great extent by the nature of the proceeding and the terms of the statute under which it is instituted. All the Courts agree, and correctly so, that the signer of a petition may withdraw his name therefrom at any time while it is in circulation and before it has been filed with the person or body to whom it is directed; and none of them go so far as to say that a signer has the right to withdraw after the petition has been acted upon and a final decision rendered. Some of them, however, those who adopt a very liberal view in the matter of withdrawals, hold that a signer may withdraw, even without cause shown, after the petition has been filed with the person or body to whom it is addressed, even though such action may operate to defeat the purpose of the petition. Other decisions, and we think the better reasoned ones, are to the effect that withdrawals will not be permitted, without cause shown, so as to defeat the jurisdiction vested in the deciding body. *See Seibert v. Lovell,* 92 Iowa, 507, 61 N. W., 197.

16

The case at bar is decided under its own peculiar facts. The original petition, as we have seen, was filed with the board of registration on February 24, 1939, which we hold vested jurisdiction in the board to notify the trustees of the school district to call an election, provided the petition met all the requirements of the Act, a fact to be determined by the board on or before March 5th. On the following day, February 25th, which was the last day fixed by the statute for the filing of a petition asking for an election, seventeen resident freeholders of the district presented to the board their petition asking, without cause shown, that their names be withdrawn from the original petition which they had signed. The request was properly refused. Jurisdiction attached, as we have said, at the time of the filing of the original petition, and it could not be defeated or impaired by the attempted withdrawal of these seventeen petitioners. See *Seibert v. Lovell, supra; Miller v. Maier,* 136 Minn., 231, 161 N. W., 513, 2 A. L. R., 399. There was another good reason, under the facts of this case, for refusing the request. The petition of the seventeen was presented to the board on February 25th, the last day provided by the Act for the filing of a petition asking for an election, and when it was too late to add other names to the original petition or for the filing of a new one by those favoring an election. The effect of the petition for withdrawal, therefore, had it been upheld, would be to prevent, in the circumstances shown, the holding of such an election in the year 1939, thus delaying and prejudicing the other signers of the original petition in the enjoyment of their political rights. See *State v. Bateman,* 60 S. D., 320, 244 N. W., 357.

Of course, if facts had been stated in the petition filed by the seventeen resident freeholders asking that their names be withdrawn from the original petition, which showed that such freeholders had been induced to sign the original petition through fraud or deceit practiced upon them or that they had signed it under a mis-

apprehension as to the true facts of the matter, a different situation would be presented; but no such facts are alleged in that petition. It is true they said that they had signed the petition "under a misapprehension as to the facts and the necessity therefor"; but this mere statement was insufficient. *Sutherland v. McKinney,* 146 Ind., 611, 45 N. E., 1048.

The judgment of this Court is that the petition herein be dismissed, and that the action and judgment of the County Board of Registration for Spartanburg County be, and hereby is, affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE H. F. RICE, concur.

MR. JUSTICE CARTER did not participate on account of illness.