15849

POOLE *ET AL.* v. TINER *ET AL.*

(38 S. E. (2d), 651)

*Messrs. R. B. Paslay* and *Robert B. Paslay, Jr.,* of Spartanburg, for petitioners,

*Messrs. Robert J. Gantt* and *J. Davis Powell,* of Spartanburg, for respondents,

June 12, 1946.

MR. ASSOCIATE JUSTICE OXNER delivered the Opinion of the Court.

This is a proceeding by *certiorari*, brought by permission in the original jurisdiction of this Court, for the purpose of reviewing an order made by the County Board of Registration of Spartanburg County. The only question for determination is whether a petition filed with said Board, asking that an election be had for the purpose of electing a member of the Board of Trustees for Cunningham School District No. 42, met the requirements of Section 5657 of the 1942 Code, the pertinent portion of which is as follows: "Upon a written petition signed by at least one-third of .the qualified electors and one-third of the resident freeholders of any school district being filed with the chairman of the board of registration on or before February 25th of any year, * * * the board shall determine on or before March 5th, whether or not said petition meets the requirements set out above, and shall within three days thereafter notify the board of trustees of the respective school districts meeting the requirements to call an election to be held on or before March 28th of that year".

The foregoing section of the Code also provides that the term of each member of the board of trustees of the various school districts of Spartanburg County, except the one comprising the City of Spartanburg, shall be for a period of three years. It is further provided that if no election is held to elect a successor to a member whose term has expired, the County Board of Education shall make an appointment to fill the vacancy.

The term of W. L. Poole, who was Chairman of the Board of Trustees for Cunningham School District No. 42, expired on April 3rd, 1946. Prior to February 25th, 1946, the following petition, purporting to be signed by 32 resident freeholders of said district, was filed with the Chairman of the Board of Registration: "We, the undersigned,

resident freeholders of Cunningham School District No. 42, Spartanburg County, State aforesaid, do hereby petition your honorable body to call an election for a member of the Board of Trustees for Cunningham School District No. 42, State and County aforesaid, under the provisions made and provided for under Section 5657, Paragraph 1 (B), Code of Laws for South Carolina, 1942".

It is conceded that the foregoing petition was also signed by the requisite number of qualified electors. Its sufficiency is challenged only as to the required number of resident freeholders. Respondents contend that there were 73 freeholders in the district, while petitioners say that there were only 70, but this difference is immaterial, as in any event a petition signed by 25 freeholders would constitute the necessary one-third required by the quoted statutory provision.

On March 4th, 1946, the Board of Registration, after making the necessary investigation, determined that the petition was signed by the necessary number of electors and freeholders and notified the Board of Trustees to call an election in that school district to be held on or before March 28th, for the purpose of electing a trustee. On or about March 20th, after the required notice of time, place and object of said election had been posted, the attorney for W. L. Poole gave notice to the proponents of the petition that he would appear before the Board of Registration on March 25th, 1946, and ask the Board to reconsider and reverse its previous finding that the petition was sufficient, upon the ground "that the petition as filed did not contain one-third of the resident freeholders of the district". Attached to said notice were affidavits by ten of those who signed the petition for an election, wherein the affiants stated in substance that the circulators of the petition falsely stated to them that the petition was one to borrow money to purchase a school bus; that relying upon this representation, they signed the petition without reading it; that no mention was made that the petition was one for the election of a trustee; and that if they had known the true purpose of the petition, they would

not have signed it. All requested that their names be withdrawn or stricken from the petition. Another one of the signers to the petition made an affidavit that he had never been a freeholder of said district.

A hearing was had before the Board of Registration on March 25th, at which all parties were represented by counsel, but the record does not disclose exactly what transpired. It seems to be conceded, however, that the Board verbally refused to vacate its order of March 4th, on the ground that it was without authority to do so. Counsel for petitioners states in his brief that at this hearing respondents offered no testimony or counter affidavits.

An election was held on March 28th, which resulted in the defeat of W. L. Poole as a candidate for reelection and the election of another as his successor. Subsequently, on April 1st, 1946, W. L. Poole and one J. W. Pollard sought and obtained a writ of *certiorari* from this Court. Petitioners contend that the Board of Registration erred in not permitting a withdrawal from the petition of the names of the ten who claimed that they were induced to sign it through fraud and deceit. It is contended that if this had been done and the signer who was not a freeholder had been eliminated, only 21 names, or less than one-third of the freeholders, would have remained on the petition. Respondents contend that the findings and conclusions of the Board of Registration are supported by competent evidence and not subject to the review by this Court; that the Board was without jurisdiction to review its previous determination of the sufficiency of the petition; that signers of the petition could not withdraw their names after the Board had made a final decision in the matter; that those seeking to withdraw their names from the petition have failed to show such fraud or misrepresentation as would warrant such withdrawal and are estopped from doing so on account of their failure to read the petition before signing it.

The statute in question was before this Court in *Hawkins et al. v. Carroll et al.,* 190 S. C., 11, 1 S. E. (2d), 898, 126 A. L. R., 1028. There a petition for an election of school

trustees bearing the signatures of the necessary number of freeholders of the district was filed with the Board of Registration of Spartanburg County on February 24th. On February 25th, the last day on which a petition could be filed, seventeen of those signing filed a second petition asking that their names be withdrawn. If this request had been granted, those remaining would have constituted less than one-third of the freeholders of the District. The Board declined to permit the withdrawal and its action was sustained. After observing that a signer of a petition of this character may withdraw his name at any time before the petition has been filed, but would not be permitted to do so, "without cause shown, so as to defeat the jurisdiction vested in the deciding body", the Court held that the filing of the original petition vested jurisdiction in the Board to pass uopn its sufficiency which "could not be defeated or impaired by the attempted withdrawal of these 17 petitioners". The Court further stated:

"There was another good reason, under the facts of this case, for refusing the request. The petition of the seventeen was presented to the board on February 25th, the last day provided by the Act for the filing of a petition asking for an election, and when it was too late to add other names to the original petition or for the filing of a new one by those favoring an election. The effect of the petition for withdrawal, therefore, had it been upheld, would be to prevent, in the circumstances shown, the holding of such an election in the year 1939, thus delaying and prejudicing the other signers of the original petition in the enjoyment of their political rights. See *State v. Bateman,* 60 S. D., 320, 244 N. W., 357.

"Of course, if facts had been stated in the petition filed by the seventeen resident freeholders asking that their names be withdrawn from the original petition, which showed that such freeholders had been induced to sign the original petition through fraud or deceit practiced upon them or that they had signed it under a misapprehension as

to the true facts of the matter, a different situation would be presented; but no such facts are alleged in that petition."

Petitioners contend that under the last paragraph just quoted, a signer of a petition may withdraw his name even after a final decision of the body to whom the petition is addressed where it is shown that he was induced to sign same through fraud or deceit practiced upon him. We doubt if the Court intended to decide that question. The Court had previously observed that none of the decisions "go so far· as to say that a signer has the right to withdraw after the petition has been acted upon and a final decision rendered". It will be noted in that case that the withdrawal of certain names from the petition was sought before the Board had acted upon it. We rather think that the language of the Court now relied upon by petitioners to sustain their contention was used with reference to the withdrawal of a name procured by fraud or deceit when jurisdiction had vested in the Board but final action had not been taken.

There are authorities to the effect that after the body to whom the petition is addressed has taken final action, the signers of the petition may not withdraw their names although they were induced to sign it by misrepresentation or fraud. *Lenon, Mayor, et al. v. Brodie et al.,* 81 Ark., 208, 98 S. W., 979; *Luck v. Magnolia-McNeil Road Improv Dist.,* 141 Ark., 603, 217 S. W., 781. However, we do not find it necessary to decide that question. Assuming for the purpose of this discussion that such signatures could be withdrawn even after final action where fraud or deceit is shown, we do not think under the facts of this case the alleged fraud or misrepresentation was of such character as would warrant the Court in permitting a withdrawal.

None of those seeking to withdraw their names in the instant case contend that the circulators misread the petition to them. It appears that all of these except one can read and write. It is undisputed that they made no effort to read the petition before signing it. Reference to this petition, which we have quoted in full, shows that it expresses briefly, clearly, and concisely its purpose. There is no showing by

those now complaining that they could not have easily comprehended or understood its meaning had they taken the trouble to read it. Instead of doing so, they chose to rely on the alleged statements of the circulators as to its contents. Even if this were a contest between these signers and the circulators of the petition, it is questionable whether they are in a position to claim fraud when they failed to avail themselves of the opportunity and means at hand to acquaint themselves with the contents of this petition. *J. B. Colt Co. v. Britt,* 129 S. C., 226, 123 S. E., 845 ; *Thomas v. American Workmen,* 197 S. C., 178, 14 S. E. (2d), 886, 136 A. L. R., 1 ; *Himes v. Metropolitan Life Ins. Co.,* .. S. C., ...., 36 S. E. (2d), 137. But this question is not before us as the contest is not between such parties.

Signatures to a petition of this kind are frequently easily obtained and before it has been filed no good reason appears why one signing and later changing his mind should not be permitted to recant and withdraw his name. Under these circumstances the other signers of the petition are not misled or seriously prejudiced, as they still have an opportunity, if a sufficient number of electors or freeholders in the district continue to desire an election, to supplement the petition with other signatures or file a new one. But where, as in this case, the statute requires that the petition for an election be filed on or before a specified date, its sufficiency determined and the election held on or before other fixed dates, and where an effort is made to withdraw names after final action has been taken on the petition and the time has expired for filing a new petition or supplementing the original one, a materially different situation is presented. The public has then acquired a vested interest in the proceeding and it is no longer one in which only the rights of the signers are to be considered.

While one signing such a petition could hardly be said to have entered into a contractual relation with his co-petitioners, he is at least in good conscience under some obligation to them and his right to sign the petition should be exercised in good faith and with due regard to the equiva-

lent rights of others. Public policy demands that he should not negligently exercise the right to the prejudice of his co-signers. All those signing the petition in the instant case had a right to assume that the others read the petition before signing it and to rely on the apparent intent of the signers. If those now seeking to withdraw their signatures had not signed the petition, those favoring the election might have been able to secure the signatures of other freeholders. The advocates of the election were led to believe that a good petition had been filed with the required number of signatures. The attempt to withdraw these names was not made until after the election was ordered and notice thereof posted. It was then too late to add other names or file a new petition. As pointed out in *Hawkins v. Carroll, supra,* the effect of permitting withdrawal at that time would have been to prevent the holding of an election in 1946, thus delaying and prejudicing the other signers of the petition in the enjoyment of their political rights. Although those seeking to withdraw their names may have acted in good faith and promptly upon discovery of the alleged misrepresentation, the fact remains that it was their initial negligence in failing to read the petition which brought about the situation of which they now complain. They should not be permitted in this manner to prejudice the rights of those signers of the petition, as well as others favoring the election, who were entirely innocent in the transaction. As heretofore pointed out, this is not a contest between those making the alleged misrepresentation and those claiming to have been deceived, but the rights of others are involved.

For the foregoing reasons, there was no error on the part of the County Board of Registration in refusing to vacate the order providing for the election. It is unnecessary to pass upon the other contentions made by respondents.

The petition is dismissed and the action and judgment of the County Board of Registration of Spartanburg County is affirmed.

MESSRS. CHIEF JUSTICE BAKER and ASSOCIATE JUSTICES FISHBURNE and OXNER concur. MR. ASSOCIATE JUSTICE TAYLOR did not participate.