FRANK ZILSKE et al., Appellants, v. M. Z. ALBERS, County Superintendent of Schools, et al., Appellees.

No. 47096.

OCTOBER 14, 1947.

John F. Wirds, of Iowa Falls, and Lundy, Butler & Lundy, of Eldora, for appellants.

Bateson & Ryan, of Eldora, for appellees.

GARFIELD, J.—On May 3, 1946, there was filed with defendant Albers, county superintendent of schools in Hardin county, a petition under what is now Code chapter 276 (all Code references are to the Code of 1946), asking the establishment of a consolidated independent school district in certain described territory in Hardin county. The petition was signed by one hundred ten voters residing within the proposed district. Accompanying the petition was an affidavit of Goretska, an elector in the described territory, stating the number of qualified voters residing therein is two hundred fourteen. (We do not overlook plaintiffs' contention that Goretska was not sworn and there was therefore no affidavit in law—a matter to be considered later.)

The county superintendent fixed May 20, 1946, at noon, as the final date for filing in his office objections to the petition, and published notice thereof as provided by Code section 276.4. After the notice but before the hearing objections in the form of an affidavit were filed with the superintendent by one hundred eighty-five persons. These objections raised no question of jurisdiction but challenged the wisdom of establishing the proposed district. The objections were evidently prepared by an attorney and the objectors were represented throughout by counsel. At the same time there was also filed with the superintendent a writing, not in the form of an affidavit, signed by fifty-two of the one hundred ten signers to the original petition stating they withdrew their names therefrom.

Code section 276.2 requires the original petition to be signed by one third of the voters in the territory described. Plaintiffs contend signers could withdraw from the petition at any time prior to the hearing before the county superintendent, that the fifty-two withdrawals reduced the number of signers below that required by statute and thus deprived the superintendent of jurisdiction to proceed. Defendants maintain, however, the superintendent acquired jurisdiction when the petition was filed

or in any event when the notice was published and jurisdiction was not lost by the subsequent withdrawal of the fifty-two signers. The trial court so held. Before considering this question, however, some further proceedings before the school authorities should be mentioned.

The county superintendent overruled the objections to the petition, entered an order fixing the boundaries for the proposed school corporation, and published notice thereof, all as provided by section 276.5. The objectors appealed from this decision to the county board of education. (See section 276.6.) The matter was heard by the board on June 17, 1946, but the hearing was continued to June 24th. Between these last two dates a petition signed by one hundred fourteen electors in the territory was filed with the county board in the same form as the original petition filed with the superintendent. On July 3, 1946, the county board affirmed the order of the superintendent and ordered him to call a special election for the purpose of voting on the creation of the new school corporation.

At the special election which followed, three hundred fifty-one votes were cast. One hundred ninety-six were affirmative, one hundred forty-three negative, and twelve ballots were spoiled. Subsequently an election was held at which directors for the new district were chosen. (See section 276.18.) Five days before the first election plaintiffs filed in the district court their petition for a writ of certiorari.

Certiorari lies when "specifically authorized by statute; or where an inferior tribunal * * * is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally." Rule 306, Rules of Civil Procedure. It is not claimed this action is specifically authorized by statute nor that there was any illegality by defendant superintendent and board other than excess of jurisdiction. We are thus concerned only with the question of jurisdiction of defendants to establish the district subject to the outcome of the special election on that question.

'I. We consider first the matter of withdrawal of signatures from the original petition. As stated, the Goretska affidavit says the number of voters in the territory involved (thirty-five sections) is two hundred fourteen. Upon the trial in district court it was agreed there actually were three hundred

eighty-six such voters. However, Code section 276.3 provides, "The affidavit shall be taken as true unless objections to it are filed" before the county superintendent. Here no such objections were filed. Therefore, under the plain language of section 276.3 the statement in Goretska's affidavit that two hundred fourteen electors resided in the territory must be taken as true. See, as bearing on this question, Smith v. Blairsburg Ind. Sch. Dist., 179 Iowa 500, 508, 159 N. W. 1027. Apparently plaintiffs do not seriously contend otherwise.

As stated, the original petition must be signed by one third of the voters in the territory described. (Code section 276.2.) If the Goretska affidavit is taken as true, the one hundred ten signers to the original petition here far exceed the required number. The question presented on this branch of the case is whether the withdrawal of the fifty-two signers after notice was given but before the hearing, reducing the number of signers to fifty-eight, less than one third, deprived defendants of jurisdiction to proceed.

 It is almost universally held that signers to such a petition as here involved may withdraw therefrom with or without cause at any time before it is filed with the officer to whom addressed, but that no withdrawals may be made after final action is taken. 47 Am. Jur., Schools, section 16; 56 C. J., Schools and School Districts, section 66; annotation 126 A. L. R. 1031, 1034, 1054; note to Sim v. Rosholt, 16 N. D. 77, 112 N. W. 50, 11 L. R. A., N. S., 372. The authorities do not agree as to the right of signers to a petition to withdraw their names after the petition is filed but before final action is taken. 47 Am. Jur., Schools, section 16.

The view expressed by a number of authorities, including at least two of our own decisions, is that signers to a petition such as this cannot withdraw their names, at least as a matter of right and without showing good cause, after the officer or board to whom the petition is addressed has acquired jurisdiction. Annotation 126 A. L. R. 1031, 1056, 1057; Seibert v. Lovell, 92 Iowa 507, 511, 61 N. W. 197; Dunham v. Fox, 100 Iowa 131, 136, 69 N. W. 436.

Some decisions, including several of our own, hold that jurisdiction is acquired when a petition is filed in proper form.

See annotation 126 A. L. R. 1031, 1057; State ex rel. Ondler v. Rowe, 187 Iowa 1116, 1121, 1128, 175 N. W. 32; Smith v. Blairsburg Ind. Sch. Dist., 179 Iowa 500, 508, 159 N. W. 1027; Seibert v. Lovell, supra. However, in State ex rel. Moulton v. Consolidated Ind. Sch. Dist., 195 Iowa 637, 640, 192 N. W. 5, 6, we hold that when the county superintendent causes a proper notice to be published of hearing on the original petition he thereby acquires jurisdiction "to do all that is thereafter required for the establishment of" the school district. The case goes on to hold that jurisdiction once acquired is not lost by a subsequent omission of the superintendent to comply with a mandatory requirement of statute.

It is not necessary to determine whether jurisdiction attaches with the filing of the original petition or upon the giving of notice. In either event, jurisdiction was acquired here before the withdrawal of the fifty-two signers. And such withdrawal did not deprive defendants of jurisdiction to proceed further.

Although withdrawal of signatures to a petition after jurisdiction has attached does not deprive the officer of jurisdiction to proceed, it should be considered by him in passing upon the merits of the petition. Seibert v. Lovell, supra; Dunham v. Fox, supra; 56 C. J., Schools and School Districts, section 66. This rule, of course, does not aid plaintiffs' challenge to the jurisdiction here. Incidentally, the record seems to show the withdrawals were considered by defendants in passing upon the merits of the petition.

We think it important that the action taken by defendants was subject to the vote of the electors in the special election upon the establishment of the district. In practical effect, all that defendants did was to find the proposal made in the petition of sufficient merit to warrant its submission to the electors. In several of the decisions cited by plaintiffs apparently there was no provision for such an election but the will of the electors was evidenced merely by the number of signers to the petition. Here, after the opposing factions had waged their campaigns, a substantial majority of the electors voted for the establishment of the district. Apparently this majority included some

who originally filed objections to the project. We are not disposed to annul the proceedings upon narrow or technical grounds.

We have held emphatically that the statutes here in question are to be liberally construed. A majority of the electors in the territory involved has 'an absolute right to organize into a single district provided the territory sought to be consolidated is such as the statute contemplates. Courts will go no further than to see that the methods pursued are in substantial accord with those prescribed by statute. State ex rel. Ondler v. Rowe, 187 Iowa 1116, 1123, 175 N. W. 32, 34. To adopt the language of the Rowe case:

"* * * if such perfection of proceedings is to be demanded of them, few, if any, organizations of school districts could successfully withstand attacks at the hands of discordant and contentious minorities. The courts very properly * * * go to the limit of liberality in giving effect to the voice of a majority, wherever it can reasonably be done without violence to the manifest spirit and intent of the legislature."

See, also, as bearing on this branch of the case, Peverill v. Board of Supervisors, 208 Iowa 94, 116, 222 N. W. 535; School Corp. v. Independent Sch. Dist., 162 Iowa 257, 144 N. W. 20.

The conclusion above reached makes it unnecessary to determine the effect, if any, of the filing of the additional petition with one hundred fourteen new signers.

II. Plaintiffs contend an oath was not administered to Goretska when he signed his affidavit and therefore the paper was not, in law, an affidavit. The trial court held in effect plaintiffs were not entitled to raise this contention for the first time upon the trial but also went on to hold the affidavit sufficient. We agree with at least the first of these conclusions.

Upon the second day of the certiorari hearing Goretska, as a witness for plaintiffs, testified nothing was said between him and the notary who signed the jurat; he was handed the paper in the notary's place of business and asked to sign it by Walker, an officer of the independent school district of Buckeye; Goretska said he would have to read it first; he did read it; Walker said it would have to be signed before a notary public; Goretska said he guessed it was all right, signed it, the notary signed and

sealed it; he knew it was an affidavit to be filed with the county superintendent for the establishment of this territory as a school district; Walker paid the notary a quarter; he "figured" the affidavit was true in his best judgment.

At the end of this testimony, and almost at the conclusion of the hearing, plaintiffs amended their petition to raise for the first time the issue that no affidavit accompanied the original petition. Upon defendants' motion these allegations were stricken as coming too late. The day before the trial, four months after the action was commenced, plaintiffs had filed an amended and substituted petition containing thirty-seven paragraphs.

Rule 315, Rules of Civil Procedure, provides in part that in certiorari "the court shall * * * hear the parties upon the record made by the return. In its discretion, it may receive any transcript of the evidence taken in the original proceeding, and *such other oral or written evidence as is explanatory of the matters contained in the return.*" (Italics ours.)

Nothing in the return to the writ of certiorari shows plaintiffs made any claim before defendants that Goretska was not sworn or the paper signed by him was not an affidavit. Goretska's testimony upon the certiorari hearing was not explanatory of any matter contained in the return to the writ. Assuming, without deciding, the trial court might have considered this oral testimony, it was not an abuse of discretion to rule the issue was not raised in proper time.

Quite in point is Dickey v. Civil Service Comm., 201 Iowa 1135, 1142, 205 N. W. 961, 964, where plaintiffs in certiorari claimed for the first time by amendment to their petition for the writ that the inferior tribunal acted illegally because plaintiffs were entitled to the benefit of the Soldiers' Preference Law, now Code chapter 70. This court refused to entertain the claim. We quote, "* * * its action was not without jurisdiction or illegal as to a matter not before it. * * * This court is not permitted in this proceeding to review questions or evidence pertaining to matters not before the inferior tribunal."

Further, as stated, Code section 276.3 provides the affidavit shall be taken as true unless objections to it are filed before the county superintendent. No such objections were filed here. The body of the Goretska affidavit recites he was first duly

sworn on oath. The jurat states the paper was subscribed and sworn to before the notary. The affidavit is regular on its face. Under section 276.3, which we have stated should be liberally construed, the recital in the affidavit that Goretska was first duly sworn is to be taken as true.

Our conclusion makes it unnecessary to consider the trial court's holding that the Goretska testimony does not show he was not sworn when the affidavit was signed.

■ III. Finally, plaintiffs contend (1) under Code section 276.1 only two or more consolidated school corporations may organize as an independent district for the purpose of maintaining a consolidated school, and (2) a "consolidated independent school district" is a "creature unknown to the law." The territory here involved consisted of the independent school district of Buckeye and certain contiguous school townships.

Both these contentions were first advanced in the certiorari proceeding. Under our holding in Division II we might ignore at least the second of these contentions. However, we prefer to consider them both. The argument in support of each contention is very technical and lacks substantial merit.

Code section 276.1 provides:

"Consolidated school corporations containing an area of not less than sixteen government sections of contiguous territory in one or more counties may be organized as independent districts for the purpose of maintaining a consolidated school, in the manner hereinafter provided."

Plaintiffs argue, "under this statute, it would seem that only *consolidated school corporations* may organize as an *independent district* for the purpose of maintaining a *consolidated school.*" However, they have changed from plural to singular the term "independent districts" as found in the statute.

Section 276.1 may not be worded with technical nicety. Since the terms "consolidated school corporations" and "independent districts" are plural, the term "consolidated school" should perhaps also be used in the plural. If all three terms italicized in plaintiffs' argument had been used in the singular, so the statute had read "A consolidated school corporation * * *

may be organized as an independent district for the purpose of maintaining a consolidated school \* \* \*'' there would be no basis for plaintiffs' argument. We think this is what the statute clearly means.

While ordinary rules of grammar are usually observed in the interpretation of statutes, such rules are not conclusive. Strict adherence to technical grammatical rules is not required. 50 Am. Jur., Statutes, section 252; 59 C. J., Statutes, section 589. See, also, State ex rel. Winterfield v. Hardin County Rural Elec. Coop., 226 Iowa 896, 916, 285 N. W. 219, and authorities cited. When necessary to carry out the legislative intent, it is not uncommon to construe words in the plural number to include the singular and vice versa. 50 Am. Jur., Statutes, section 256; 59 C. J., Statutes, section 586. Indeed, Code section 4.1(3), provides that in the construction of statutes "Words importing the singular number may be extended to several persons or things, and words importing the plural number may be applied to one person or thing \* \* \*.''

In accord with the evident intent of the legislature, we hold that under section 276.1 not less than sixteen sections of contiguous territory may be organized into a consolidated school corporation, as an independent district, for the purpose of maintaining a consolidated school, by proceeding in the manner provided in chapter 276.

The contention that the law makes no provision for a "consolidated independent school district" is largely based on Code section 274.6 which provides, "School corporations composed of subdistricts shall be called school townships," and other school corporations shall be designated as:

" [1] The independent school district of (naming city, town, township, or village \* \* \*), in the county of (naming county), state of Iowa; or, [2] the rural independent school district of (some appropriate name or number), township of (naming township), in the county of (naming county), state of Iowa; or, [3] the consolidated school district of (some appropriate name or number), in the county of (naming county), state of Iowa.''

We have observed in effect that the above statute names the public school corporations recognized by the laws of this

state. Thompson v. Roberts, 220 Iowa 854, 857, 263 N. W. 491; Christensen v. Board of Supervisors, 201 Iowa 794, 797, 208 N. W. 291. If section 274.6 had been literally followed, the district in question should have been designated as "the consolidated school district of Buckeye, in the county of Hardin, state of Iowa." In fact, the word "independent" was inserted following "consolidated."

However, the district established here is not only a consolidated district but an independent district. Code section 276.1. The designation of the district as a "consolidated independent school district" is not such a departure from the statutes, even section 274.6, as to deprive defendants of jurisdiction. At most it was a mere irregularity for which plaintiffs are entitled to no relief in certiorari. As bearing on this question, see State ex rel. Ondler v. Rowe, 187 Iowa 1116, 1123, 175 N. W. 32.

After considering all questions raised, the judgment is— Affirmed.

OLIVER, C. J., and BLISS, HALE, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.